Jason M. Rudd, Tex. Bar No. 24028786
Paul T. Elkins, Tex. Bar No. 24092383
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Phone: (214) 692-6200
Fax: (214) 692-6255
jason.rudd@wickphillips.com
paul.elkins@wickphillips.com

**COUNSEL FOR DEFENDANT JAMES FRINZI**

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Case No. 22-31641-mv-7 |
| GOODMAN NETWORKS, INC. | § § | (Chapter 7) |
| Debtor. | § § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § § | |
| Plaintiff, | § § | ADVERSARY PROCEEDING NO: 24-03039-mvl |
| v. | § § § | |
| JAMES FRINZI, JAMES GOODMAN, JASON GOODMAN, and JOSEPH GOODMAN, | § § § § § | |
| Defendants. | § § § | |

### DEFENDANT JAMES FRINZI'S ANSWER TO ORIGINAL COMPLAINT

Defendant James Frinzi ("Frinzi" or "Defendant"), by and through his attorneys, files this

Answer to the Original Complaint ("Complaint") (Doc. 1) filed in the above-captioned adversary

proceeding by Scott M. Seidel, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Goodman

Networks, Inc. ("Debtor"). In support thereof, Defendant answers each of the numbered

paragraphs in the Original Complaint with the corresponding subpart titles and paragraph numbers below.

## I.     INTRODUCTION

1.    Defendant admits the allegations in Paragraph 1 only insofar as Defendant admits Goodman Networks is in bankruptcy. The remainder of Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

## II.     JURISDICTION AND VENUE

2.    Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 2.

3.    Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3, does not consent to the conduct of the trial by the bankruptcy judge, and denies Plaintiff is entitled to a final judgment in its favor.

4.    Defendant admits the allegations in Paragraph 4.

## III.     PARTIES

5.    Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the Trustee asserts claims in the capacity of Trustee.

6.    Defendant admits the allegations in Paragraph 6 of the Complaint.

7.    Defendant admits the allegations in Paragraph 7 of the Complaint.

8.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint; therefore, Defendant denies same.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant admits the allegations in Paragraph 21 of the Complaint.

## IV.   FACTUAL BACKGROUND

22.     Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Defendant admits the allegations in Paragraph 23 of the Complaint.

24.     Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     Defendant lacks knowledge sufficient to form a belief about the truth of the

allegations in Paragraph 25 of the Complaint; therefore, Defendant denies same.

**A.      The Goodman Brothers controlled and indirectly owned Goodman Networks through
a web of entities.**

26.     Defendant admits the general allegations in Paragraph 26 of the Complaint, except

insofar as Defendant lacks knowledge sufficient to form a belief about the truth of the allegations

concerning specific percentages in Paragraph 26 of the Complaint.

27.     Defendant admits the general allegations in Paragraph 27 of the Complaint, except insofar as Defendant lacks knowledge sufficient to form a belief about the truth of the allegations concerning specific percentages in Paragraph 27 of the Complaint.

28.     Defendant admits the general allegations in Paragraph 28 of the Complaint, except insofar as Defendant lacks knowledge sufficient to form a belief about the truth of the allegations concerning specific percentages in Paragraph 28 of the Complaint.

29.     Defendant admits the general allegations in Paragraph 29 of the Complaint, except insofar as Defendant lacks knowledge sufficient to form a belief about the truth of the allegations concerning specific percentages in Paragraph 29 of the Complaint.

30.     Defendant admits the general allegations in Paragraph 30 of the Complaint, except insofar as Defendant lacks knowledge sufficient to form a belief about the truth of the allegations concerning specific percentages in Paragraph 30 of the Complaint.

31.     Defendant admits the allegations in Paragraph 31 of the Complaint.

**B.      The Debtor emerged from a 2017 bankruptcy with new corporate rules and procedures designed to protect the Debtor and its creditors.**

32.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint; therefore, Defendant denies same.

33.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint; therefore, Defendant denies same.

34.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint; therefore, Defendant denies same.

35.     Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the documents referenced in Paragraph 35 of the

Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 35 inconsistent with the terms of the documents referenced therein.

36.      Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the documents referenced in Paragraph 36 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 36 inconsistent with the terms of the documents referenced therein.

37.      Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the documents referenced in Paragraph 37 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 37 inconsistent with the terms of the documents referenced therein.

38.      Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the documents referenced in Paragraph 38 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 38 inconsistent with the terms of the documents referenced therein.

39.      Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the documents referenced in Paragraph 39 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 39 inconsistent with the terms of the documents referenced therein.

40.      Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint; therefore, Defendant denies same.

**C.      The Debtor completed an insider transaction to acquire its two major VAR customers.**

41.      Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint; therefore, Defendant denies same.

42.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint; therefore, Defendant denies same.

43.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint; therefore, Defendant denies same.

44.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint; therefore, Defendant denies same.

45.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint; therefore, Defendant denies same.

46.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint; therefore, Defendant denies same.

47.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint; therefore, Defendant denies same.

48.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint; therefore, Defendant denies same.

49.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint; therefore, Defendant denies same.

**D.      The Debtor completed an insider transaction to divest its infrastructure and professional services division.**

50.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint; therefore, Defendant denies same.

51.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint; therefore, Defendant denies same.

52.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint; therefore, Defendant denies same.

53.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint; therefore, Defendant denies same.

54.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint; therefore, Defendant denies same.

55.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint; therefore, Defendant denies same.

56.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint; therefore, Defendant denies same.

57.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint; therefore, Defendant denies same.

58.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint; therefore, Defendant denies same.

**E.      The Debtor continued to struggle financially.**

59.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint; therefore, Defendant denies same.

60.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint; therefore, Defendant denies same.

61.     Defendant admits the allegations in Paragraph 61 of the Complaint.

62.     Defendant admits the allegations in Paragraph 62 of the Complaint.

63.     The documents referenced in Paragraph 63 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 63 inconsistent with the terms of the documents referenced therein.

64.     Defendant admits the allegations in Paragraph 64 of the Complaint.

**F.     The Debtor completed an insider transaction to divest its e-commerce business.**

65.     Defendant admits the allegations in Paragraph 65 of the Complaint.

66.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint; therefore, Defendant denies same.

67.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint; therefore, Defendant denies same.

68.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint; therefore, Defendant denies same.

69.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint; therefore, Defendant denies same.

70.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint; therefore, Defendant denies same.

71.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint; therefore, Defendant denies same.

72.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint; therefore, Defendant denies same.

**G.     James Goodman and Frinzi plan to strip GNET from the Debtor by acquiring it through a new holding company that they would form and own.**

73.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint; therefore, Defendant denies same.

74.     Defendant admits the allegations in Paragraph 74 to the extent the FedEx and AT&T VAR business was a substantial portion of Goodman Networks' revenue. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations it was the "only material revenue" in Paragraph 74 of the Complaint; therefore, Defendant denies same.

8

75.     Defendant admits the allegations in Paragraph 75 of the Complaint.

76.     Defendant admits the allegations in Paragraph 76 of the Complaint.

77.     Defendant admits the allegations in Paragraph 77 of the Complaint.

78.     Defendant admits the allegations in Paragraph 78 of the Complaint.

79.     Defendant generally admits the allegations in Paragraph 79 of the Complaint except insofar as Defendant lacks knowledge sufficient to form a belief about the specific percentage alleged in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant admits the allegations in Paragraph 81 of the Complaint.

82.     The documents referenced in Paragraph 82 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 82 inconsistent with the terms of the documents referenced therein.

83.     The documents referenced in Paragraph 83 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 83 inconsistent with the terms of the documents referenced therein.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

**H.      Without following its corporate governance procedures, the Debtor loaned an undercapitalized entity owned and controlled by James Goodman about $6 million.**

85.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint; therefore, Defendant denies same.

86.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint; therefore, Defendant denies same.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint; therefore, Defendant denies same.

89.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Complaint; therefore, Defendant denies same.

90.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint; therefore, Defendant denies same.

91.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint; therefore, Defendant denies same.

I.     **After voting to appoint Frinzi as the Debtor's CEO, Jason and Joseph Goodman resigned from the board, leaving James Goodman as the sole director.**

92.     Defendant denies the allegations in Paragraph 92 of the Complaint insofar as Frinzi knew by October 13, 2021 Goodman Networks was insolvent. Defendant admits the allegations in Paragraph 93 insofar as Defendant now admits Goodman Networks was insolvent by October 13, 2021 and faced imminent litigation.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint; therefore, Defendant denies same.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint; therefore, Defendant denies same.

97.     The documents referenced in Paragraph 97 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 97 inconsistent with the terms of the documents referenced therein.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint; therefore, Defendant denies same.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

**J.      While pretending to wind down the Debtor, Frinzi and James Goodman caused the Debtor to accumulate large amounts of cash which they planned to siphon.**

100.    Defendant admits the allegations in Paragraph 100 of the Complaint.

101.    Defendant admits the allegations in Paragraph 101 of the Complaint insofar as a set of advisors was hired to wind of the company. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 101 of the Complaint; therefore, Defendant denies same.

102.    The documents referenced in Paragraph 102 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 102 inconsistent with the terms of the documents referenced therein.

103.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Complaint; therefore, Defendant denies same.

104.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint; therefore, Defendant denies same.

105.    The documents referenced in Paragraph 105 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 105 inconsistent with the terms of the documents referenced therein.

106.    Defendant admits the allegations in Paragraph 106 of the Complaint.

**K.      Frinzi and James Goodman caused the Debtor to forgive UFS's almost $6 million debt
without consideration.**

107.    Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 107 of the Complaint; therefore, Defendant denies same.

108.    Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 108 of the Complaint; therefore, Defendant denies same.

109.    The documents referenced in Paragraph 109 of the Complaint speak for themselves,
and Defendant denies any and all allegations in Paragraph 109 inconsistent with the terms of the
documents referenced therein.

110.    The documents referenced in Paragraph 110 of the Complaint speak for themselves,
and Defendant denies any and all allegations in Paragraph 110 inconsistent with the terms of the
documents referenced therein.

111.    The documents referenced in Paragraph 111 of the Complaint speak for themselves,
and Defendant denies any and all allegations in Paragraph 111 inconsistent with the terms of the
documents referenced therein.

112.    The documents referenced in Paragraph 112 of the Complaint speak for themselves,
and Defendant denies any and all allegations in Paragraph 112 inconsistent with the terms of the
documents referenced therein.

113.    Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 108 of the Complaint; therefore, Defendant denies same.

114.    Defendant denies the allegations in Paragraph 114 of the Complaint.

115.    The documents referenced in Paragraph 115 of the Complaint speak for themselves,
and Defendant denies any and all allegations in Paragraph 115 inconsistent with the terms of the
documents referenced therein.

**L.**     **Frinzi usurped the Debtor's corporate opportunity to purchase 1Path and AMRR using millions of dollars he syphoned from the Debtors.**

116.     Defendant admits the allegations in Paragraph 116 of the Complaint.

117.     Defendant denies the allegation in Paragraph 117 of the Complaint.

118.     Defendant admits the allegations in Paragraph 118 of the Complaint.

119.     The documents referenced in Paragraph 119 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 119 inconsistent with the terms of the documents referenced therein.

120.     The documents referenced in Paragraph 120 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 120 inconsistent with the terms of the documents referenced therein.

121.     Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 121 of the Complaint that Frinzi directed the payment to the Stauber Law Office while Frinzi was under the control, and acted at the direction of, James Goodman. Defendant otherwise lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 121 of the Complaint; therefore, Defendant denies same.

122.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 122 of the Complaint; therefore, Defendant denies same.

123.     Defendant admits the allegations in Paragraph 123 of the Complaint.

124.     Defendant denies the allegations in Paragraph 124 of the Complaint.

125.     The documents referenced in Paragraph 125 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 125 inconsistent with the terms of the documents referenced therein.

126.   Defendant admits the allegations in Paragraph 126 of the Complaint.

127.   Defendant admits the allegations in Paragraph 127 of the Complaint.

128.   Defendant admits the allegations in Paragraph 128 of the Complaint.

**M.   Frinzi siphoned $4.4 million of the Debtor's cash to MGR, his own entity.**

129.   Defendant denies the allegations in Paragraph 129 of the Complaint.

130.   The documents referenced in Paragraph 130 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 130 inconsistent with the terms of the documents referenced therein.

131.   Defendant denies the allegations in Paragraph 131 of the Complaint.

132.   Defendant admits the allegations in Paragraph 132 of the Complaint.

**N.   The Debtor is forced into bankruptcy.**

133.   Paragraph 133 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 133 of the Complaint; therefore, Defendant denies same.

134.   Defendant admits the allegations in Paragraph 134 of the Complaint.

## V.   CAUSES OF ACTION

### COUNT 1: BREACH OF FIDUCIARY DUTY – DUTY OF DUE CARE (AGAINST JAMES GOODMAN)

135.   Defendant incorporates his responses above.

136.   Paragraph 136 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 136 of the Complaint.

Case 24-03039-mvl   Doc 14   Filed 07/24/24   Entered 07/24/24 17:00:40   Desc Main
Document      Page 15 of 23

137.     Paragraph 137 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 137 of the Complaint.

138.     Paragraph 138 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 138 of the Complaint.

139.     Paragraph 139 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 139 of the Complaint.

140.     Paragraph 140 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 140 of the Complaint.

## COUNT 2: BREACH OF FIDUCIARY DUTY – DUTY OF DUE CARE (AGAINST JASON GOODMAN AND JAMES FRINZI)

141.     Defendant incorporates his responses above.

142.     Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142 of the Complaint.

143.     Paragraph 143 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143 of the Complaint.

144.     Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144 of the Complaint.

145.    Paragraph 145 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145 of the Complaint.

146.    Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 146 of the Complaint.

147.    Paragraph 147 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 147 of the Complaint.

148.    Paragraph 148 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Paragraph 149 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Paragraph 150 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    Paragraph 151 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 151 of the Complaint.

152.    Paragraph 152 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 152 of the Complaint.

153.    Paragraph 153 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 153 of the Complaint.

### COUNT 3: BREACH OF FIDUCIARY DUTY – DUTY OF OBEDIENCE (AGAINST JAMES, JASON, AND JOSEPH GOODMAN)

154.    Defendant incorporates his responses above.

155.    Paragraph 155 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 155 of the Complaint.

156.    Paragraph 156 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 156 of the Complaint.

157.    Paragraph 157 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157 of the Complaint.

158.    Paragraph 158 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158 of the Complaint.

159.    Paragraph 159 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 159 of the Complaint.

160.    Paragraph 160 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 160 of the Complaint.

161.    Paragraph 161 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 161 of the Complaint.

162.    Paragraph 162 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 163 of the Complaint.

164.    Paragraph 164 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 164 of the Complaint.

165.    Paragraph 165 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 165 of the Complaint.

166.    Paragraph 166 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 166 of the Complaint.

167.    Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 167 of the Complaint.

**COUNT 4: BREACH OF FIDUCIARY DUTY – DUTY OF LOYALTY AND DUE CARE FOR RESIGNING IN THE FACE OF CORPORATE WRONGDOING (JASON AND JOSEPH GOODMAN)**

168.    Defendant incorporates his responses above.

169.    Paragraph 169 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 169 of the Complaint.

170.    Paragraph 170 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 170 of the Complaint.

171.    Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 171 of the Complaint.

172.    Paragraph 172 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 172 of the Complaint.

173.    Paragraph 173 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 173 of the Complaint.

174.    Paragraph 174 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 174 of the Complaint.

175.    Paragraph 175 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 175 of the Complaint.

176.    Paragraph 176 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 176 of the Complaint.

177.    Paragraph 177 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 177 of the Complaint.

**COUNT 5: BREACH OF FIDUCIARY DUTY– DUTY OF LOYALTY AND DUE CARE FOR RESIGNING IN THE FACE OF CORPORATE WRONGDOING (AGAINST JAMES GOODMAN)**

178.    Defendant incorporates his responses above.

179.    Paragraph 179 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 179 of the Complaint.

180.    Paragraph 180 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 180 of the Complaint.

181.    Paragraph 181 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 181 of the Complaint.

182.    Paragraph 182 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 182 of the Complaint.

183.    Paragraph 183 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 183 of the Complaint.

184.    Paragraph 184 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 184 of the Complaint.

185.    Paragraph 185 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 185 of the Complaint.

186.    Paragraph 186 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 186 of the Complaint.

187.    Paragraph 187 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 187 of the Complaint.

## VI.    <u>PRAYER</u>

Defendant denies Plaintiff is entitled to the relief sought in the Prayer.

## <u>AFFIRMATIVE DEFENSES</u>

In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendant alleges as follows:

1.    Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, because Plaintiff's own fault or actions caused some or all of Plaintiff's injury.

2.    Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, due to the business judgment rule.

3.    Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, due to estoppel, waiver, release, or ratification, in that Defendant's actions being complained of were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence.

## **GENERAL DENIAL**

To the extent Defendant has not answered any allegation within the Complaint, Defendant denies any and all such allegations.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer to correct or add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

## **RULE 7012 STATEMENT**

Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court.

## **JURY DEMAND**

In accordance with Federal Rule of Bankruptcy Procedure 9015 and Federal Rule of Civil Procedure 38(b), Defendant requests that all claims, allegations, and defenses asserted in the above-captioned adversary proceeding, including all claims alleged in Plaintiff's Complaint (Dkt. 1), any amendments or supplements thereto, and all defenses, be tried before a jury.

## **PRAYER**

Defendant respectfully requests that all relief requested in Plaintiff's Complaint be denied and the Court enter judgment that Plaintiff takes nothing on its claims against Defendant. Defendant further requests any other and further relief to which he may show himself entitled.

Dated: July 24, 2024.                    Respectfully submitted,

                                         /s/ Paul T. Elkins
                                         Jason M. Rudd, Tex. Bar No. 24028786
                                         Paul T. Elkins, Tex. Bar No. 24092383
                                         **WICK PHILLIPS GOULD & MARTIN, LLP**
                                         3131 McKinney Avenue, Suite 500
                                         Dallas, TX 75204
                                         Phone: (214) 692-6200
                                         Fax: (214) 692-6255
                                         Email: jason.rudd@wickphillips.com
                                                 paul.elkins@wickphillips.com

                                         **COUNSEL FOR DEFENDANT JAMES
                                         FRINZI**

## CERTIFICATE OF SERVICE

       I hereby certify that on July 24, 2024, I electronically filed the foregoing with the clerk of
the court using the CM/ECF system and have served a copy of the same to the following parties
or their counsel via the method(s) indicated below:

| Davor Rukavina | _____ | Hand Delivery |
| Thomas D. Berghman | _____ | Regular Mail |
| **MUNSCH HARDT KOPF & HARR, P.C.** | _____ | Facsimile |
| 3800 Ross Tower | _____ | E-mail |
| 500 N. Akard Street | __X__ | CM/ECF |
| Dallas, TX 75201 | | |

**Counsel for the Scott Seidel, Chapter 7 Trustee**

                                         /s/ Paul T. Elkins
                                         Paul T. Elkins