**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 22-31641-MVL-7 |
| § | | |
| GOODMAN NETWORKS, INC., § | | |
| § | | |
| DEBTOR. § | | CHAPTER 7 |
| SCOTT M. SEIDEL, TRUSTEE, § | | |
|     PLAINTIFF § | | |
| § | | |
| V. § | | |
| § | | |
| JAMES FRINZI, JAMES GOODMAN, JASON § | | ADVERSARY NO. 24-03039-MVL |
| GOODMAN, AND JOSEPH GOODMAN § | | |
| § | | |
|     DEFENDANTS § | | |

**BRIEF IN SUPPORT OF JAMES E. GOODMAN'S MOTION TO COMPEL ARBITRATION AND TO
ABATE PROCEEDING PENDING COMPLETION OF ARBITRATION**

Randall A. Pulman
Texas Bar No. 16393250
Anna K. MacFarlane
Texas Bar No. 24116701
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Hwy, Suite 400
San Antonio, Texas 78213
(210) 222-9494
rpulman@pulmanlaw.com
amacfarlane@pulmanlaw.com

**COUNSEL FOR JAMES E. GOODMAN**

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. ii

TABLE OF AUTHORITIES ....................................................................................................... iii

INTRODUCTION ......................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................................... 2

ARGUMENT AND AUTHORITIES ........................................................................................... 4

    A.    Legal Standard ............................................................................................................ 4

    B.    The 2017 Shareholders Agreement Contains a Valid Agreement to Arbitrate and the Trustee's Claims Fall Within the Scope of the Agreement........................................... 6

    C.    The Court has No Discretion to Deny Arbitration of the Trustee's State Law Claims. ..... 7

        i.    Bankruptcy courts do not have discretion to refuse to compel arbitration of non-core proceedings that are not based on bankruptcy law. ............................................ 7

        ii.    The Trustee's Claims against J.E. Goodman are common law state law claims that must be referred to binding arbitration. ................................................................. 8

    D.    Any Dispute Regarding the Scope of the Arbitration Provision Must Be Referred to Arbitration................................................................................................. 9

CONCLUSION & PRAYER ........................................................................................................ 9

# TABLE OF AUTHORITIES

**Case Law**                                                                **Page**

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) ...................................................................................................4

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995) ...................................................................................................5

*Harris v. Rowe*,
  593 S.W.2d 303 (Tex. 1979)...................................................................................... 5

*Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  885 F.2d 1149 (3rd Cir. 1989) ..........................................................................6, 7, 8

*Henry v. Gonzalez*,
  18 S.W.3d 684 (Tex. App.—San Antonio 2000, pet. dism'd by agr.) ...............................4

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002) .....................................................................................................4

*Jones v. Kelley*,
  614 S.W.2d 95 (Tex. 1981) ........................................................................................6

*Kirby Highland Lakes Surgery Center, L.L.P. v. Kirby*,
  183 S.W.3d 891 (Tex. App.—Austin 2006, no pet.) ..................................................5

*In re Cain*,
  585 B.R. 127 (Bankr. S.D. Miss. 2018) .....................................................................8

*In re Friedman's, Inc.*,
  372 B.R. 530 (Bankr. S.D. Ga. 2007) ........................................................................9

*In re Gandy*,
  299 F.3d 489 (5th Cir. 2002) .....................................................................................8

*In re Houston Progressive Radiology Assocs. PLLC*,
  474 S.W.3d 435 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ..........................5, 6

*In re Huffman*,
  486 B.R. 343 (Bankr. S.D. Miss 2013) ......................................................................6

*In re McCollum*,
  621 B.R. 655 (Bankr. N.D. Miss. 2020) .............................................................6, 7, 9

**Case Law (Cont'd)** **Page**

*In re Trevino*,
  599 B.R. 526 (Bankr. S.D. Tex. 2019) ...............................................................................8

*Martinez v. Beneficial Texas, Inc.*,
  No. 06-34385, 2007 WL 1174186 (Bankr. S.D. Tex. Apr. 19, 2007) ................................8

*Matter of National Gypsum Co.*,
  118 F.3d 1056 (5th Cir. 1997) ...............................................................................6, 7, 8

*McReynolds v. Elston*,
  222 S.W.3d 731 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ...................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ...............................................................................................................4

*Neal v. Hardee's Food Systems, Inc.*,
  918 F.2d 34 (5th Cir. 1990) ...............................................................................................5

*Pennzoil Explor. & Prod. Co. v. Ramco Energy Ltd.*,
  139 F.3d 1061 (5th Cir. 1998) ..........................................................................................5

*Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*,
  687 F.3d 671 (5th Cir. 2014) .............................................................................................9

*Searcy, Trustee for Saratoga Litigation Trust v. Cooke*,
  Civil Action No. H-17-2213, 2017 WL 11684723 (S.D. Tex. Nov. 13, 2017) ..................7

*Sherer v. Green Tree Serv.*,
  548 F.3d 379 (5th Cir. 2008) ............................................................................................4

*TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*,
  667 S.W.3d 694 (Tex. 2023) ..............................................................................................9

**Statutes** **Page**

9 U.S.C. § 3 ...............................................................................................................................4

9 U.S.C. § 4 ...............................................................................................................................4

Tex. Civ. Prac. & Rem. Code § 171.001(a) ..............................................................................4

## INTRODUCTION

The Trustee's breach of fiduciary duty causes of action against James E. Goodman ("J.E. Goodman") are subject to arbitration based on a valid and enforceable arbitration clause contained in the Debtor's Sixth Amended and Restated Shareholders Agreement. In cases where the parties have agreed to arbitrate, the Federal Arbitration Act normally grants no discretion to deny a motion to compel arbitration. While bankruptcy courts have the discretion to refuse to compel arbitration of claims raising purely bankruptcy issues that would not exist outside of bankruptcy, this adversary proceeding does not involve such claims. As such, this court must grant J.E. Goodman's motion and enter an order compelling the Trustee's claims against J.E. Goodman to binding arbitration before the American Arbitration Association ("AAA") and abating the Trustee's claims against him pending completion of the arbitration.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 6, 2022, an involuntary chapter 11 petition was filed against the Debtor. On December 12, 2022, this Court entered an order for relief under title 11 of the United States Code.

On June 7, 2024, Scott M. Seidel, Trustee for the Debtor ("Trustee"), filed this adversary proceeding against James Frinzi, J.E. Goodman, and J.E. Goodman's siblings, Jason and Joseph Goodman, seeking redress for various alleged corporate misdeeds vis-à-vis the Debtor.

According to the Trustee's Original Complaint, the various duties and obligations allegedly breached by J.E. Goodman arise from the Debtor's Sixth Amended and Restated Shareholders' Agreement (the "2017 Shareholders Agreement"), Third Amended and Restated Certificate of Formation ("2017 Certificate of Formation"), and Third Amended and Restated Bylaws ("2017 Bylaws" and, collectively, the "2017 Corporate Documents"). Complaint ¶¶ 34-39. By the Trustee's own admission, the 2017 Corporate Documents were all adopted contemporaneously and function together as governing documents for the Debtor. *Id.* ¶ 35. True and correct copies of the 2017 Shareholders Agreement, the 2017 Bylaws, and the 2017 Certificate of Formation are attached hereto as Exhibits 1, 2, and 3, respectively.

The causes of action against J.E. Goodman specifically focus on alleged breaches of various common law fiduciary duties owed by J.E. Goodman to the Debtor: breach of the duty of due care (Count 1), the duty of obedience (Count 3), and the duty of loyalty and due care (Count 5). Complaint ¶¶ 135-140; 154-167; 178-187. Specifically, the Trustee alleges that J.E. Goodman purportedly allowed the Debtor to be operated with fewer than the requisite number of directors required by the 2017 Bylaws and the 2017 Shareholders Agreement, and allegedly failed to ensure

2

proper corporate governance procedures were followed with respect to prepetition transactions or oversight of officers. *Id.*

The 2017 Shareholders Agreement contains an arbitration clause, which reads:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the AAA Rules by three (3) arbitrators. The arbitrators shall be appointed in accordance with the AAA Rules regarding appointment from the AAA panel of arbitrators. The arbitration shall be held in Collin County, Texas. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The Noteholders shall be third-party beneficiaries to this Section 30 as set forth in Section 32.

Exhibit 1 ¶ 30.

ARGUMENT AND AUTHORITIES

The claims asserted by the Trustee against J.E. Goodman in this adversary proceeding arise out of alleged breaches of obligations owed to the Debtor by J.E. Goodman based on the 2017 Shareholders Agreement, which contains a valid and enforceable arbitration clause. The Court should therefore compel all claims asserted in this lawsuit to arbitration and dismiss the lawsuit.

### A. Legal Standard

The Fifth Circuit has established a two-step analysis for determining whether parties must arbitrate a particular claim or set of claims under the Federal Arbitration Act ("FAA"). *See Sherer v. Green Tree Serv.*, 548 F.3d 379, 381 (5th Cir. 2008). First, the court must consider whether there is an enforceable agreement to arbitrate, and, if so, whether the specific claims are arbitrable. *Id.*[1] A strong federal policy favors enforcing arbitration agreements, and courts should resolve any doubt regarding an agreement to arbitrate in favor of arbitration. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

---

[1] The standard is similar under the Texas Arbitration Act ("TAA"). *Henry v. Gonzalez*, 18 S.W.3d 684, 688 (Tex. App.—San Antonio 2000, pet. dism'd by agr.) ("In determining whether to compel arbitration, the trial court must decide the following: (1) whether a valid, enforceable arbitration agreement exists, and (2) if so, whether the claims asserted fall within the scope of that agreement.") (citing Tex. Civ. Prac. & Rem. Code § 171.001(a)). If a valid agreement to arbitrate exists and the subject claims are arbitrable, "the trial court has no discretion but to compel arbitration and stay its proceedings pending arbitration." *Id.*

In deciding whether parties agreed to arbitrate a certain dispute, courts apply ordinary state-law principles governing contract formation. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). "The presumption of arbitrability is particularly applicable where the clause is broad; that is, it provides for arbitration of 'any dispute arising between the parties', or 'any controversy or claim arising out of or relating to the contract thereof,' or 'any controversy concerning the interpretation, performance or application of the contract.'" *McReynolds v. Elston*, 222 S.W.3d 731, 740 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal citations omitted); *Kirby Highland Lakes Surgery Center, L.L.P. v. Kirby*, 183 S.W.3d 891, 898 (Tex. App.—Austin 2006, no pet.) (noting that "extremely broad" arbitration clauses are "capable of expansive reach"); *see also Pennzoil Explor. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (same).

When a broad arbitration provision appears in one agreement "that is 'essential' to [an] overall transaction, [courts] presume that [the parties] intended the [arbitration] clause to reach all aspects of the transaction—including those aspects governed by other contemporaneously executed agreements that are part of the same transaction." *Kirby Highland Lakes*, 183 S.W.3d at 900-01; *see also In re Houston Progressive Radiology Assocs. PLLC*, 474 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 38 (5th Cir. 1990) (holding that arbitration provision in licensing agreement covered the disputed claims arising from breach of a purchase agreement because the documents were drafted to function together). "The general rule is that separate instruments or contracts executed at the same time, for the same purpose, and in the course of the same transaction are to be considered as one instrument, and are to be read and construed together." *Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex. 1981); *see also Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1979) ("Separate instruments

5

contemporaneously executed as a part of the same transaction and relating to the same subject matter may be construed together as a single instrument."). This is true when a group of documents reference one another and cannot be construed without reference to the others. *See Houston Progressive*, 474 S.W.3d at 446.

### B. The 2017 Shareholders Agreement Contains a Valid Agreement to Arbitrate and the Trustee's Claims Fall Within the Scope of the Agreement.

No party has taken the position that the 2017 Shareholders Agreement is invalid. Indeed, the Trustee's claims against J.E. Goodman arise from alleged breaches of various duties that arise out of the Debtor's 2017 Corporate Documents. Complaint ¶¶ 135-140; 154-167; 178-187. Both the Debtor and J.E. Goodman are parties to the 2017 Shareholders Agreement, which contains a broad, valid, and binding arbitration provision. Exhibit 1 ¶ 30. Because the Trustee alleges state law claims against J.E. Goodman, the Trustee is bound by the arbitration provision to the same extent as the Debtor. *See Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1150 (3rd Cir. 1989); *see also Matter of National Gypsum Co.*, 118 F.3d 1056, 1066 (5th Cir. 1997) (noting that *Hays* "makes eminent sense" with respect to debtor-derivative claims)*; In re McCollum*, 621 B.R. 655, 659 (Bankr. N.D. Miss. 2020); *In re Huffman*, 486 B.R. 343, 355 (Bankr. S.D. Miss 2013).

The arbitration provision covers the Trustee's causes of action against J.E. Goodman regardless of whether they arise specifically under the 2017 Shareholders Agreement. By the Trustee's own admission, the 2017 Corporate Documents, while separate, functioned together to govern the Debtor. Complaint ¶¶ 34-35. The 2017 Corporate Documents reference one another, cannot be fully construed without reference to one another, and were meant to be construed together. For example, section 3.02 of the 2017 Bylaws, which provides for the requisite number of directors, specifically says that "the number of directors shall be established from time to time

by resolution of the Board of Directors, *subject to and in compliance with the provisions of the Shareholders Agreement and the Certificate of Formation*[.]" Exhibit 2 § 3.02 (emphasis added). Section 3.13 of the 2017 Bylaws contains similar language with respect to filling director vacancies. *Id.* § 3.13 (providing for procedures to fill board vacancies "[u]nless otherwise provided in the Certificate of Formation and subject to the terms of the Shareholders Agreement").

Because the Trustee's breach of fiduciary duty claims require reference to the 2017 Corporate Documents to define the scope of duties purportedly owed by J.E. Goodman to the Debtor, the claims fall within the scope of the broad arbitration provision. *See McCollum*, 621 B.R. at 658 (holding that breach of fiduciary duty claim fell within scope of arbitration provision because the plaintiff's claim was "a state law claim relating to the Agreement and its performance"); *see also Searcy, Trustee for Saratoga Litigation Trust v. Cooke*, Civil Action No. H-17-2213, 2017 WL 11684723, at *2 (S.D. Tex. Nov. 13, 2017) (holding that common law breach of fiduciary duty claims fall within scope of arbitration provision). The Trustee's claims against J.E. Goodman must be referred to arbitration.

**C. The Court has No Discretion to Deny Arbitration of the Trustee's State Law Claims.**

**i. Bankruptcy courts do not have discretion to refuse to compel arbitration of non-core proceedings that are not based on bankruptcy law.**

Courts in the Fifth Circuit[2] have recognized that bankruptcy courts have no discretion to deny arbitration of claims that do not rely on the rights afforded under the Bankruptcy Code and that could exist outside of the bankruptcy process. *See National Gypsum*, 118 F.3d at 1066 (noting

---

[2] The Third Circuit Court of Appeals' decision in *Hays* is one of the seminal cases that distinguished between core/non-core proceedings with respect to whether bankruptcy courts had the discretion to refuse to enforce arbitration provisions. 885 F.2d at 1161. The Fifth Circuit has cited *Hays* with approval. *National Gypsum*, 118 F.3d at 1066 (noting that the Third Circuit's decision in *Hays* compelling arbitration of "derivative non-core matters . . . makes eminent sense").

7

that with regard to "derivative, non-core matters," it is "universally accepted" that such claims are arbitrable);[3] *In re Gandy*, 299 F.3d 489, 495 (5th Cir. 2002) ("[I]t is generally accepted that a bankruptcy court has no discretion to refuse to compel the arbitration of matters not involving 'core' proceedings under 28 U.S.C. § 157(b)."); *In re Cain*, 585 B.R. 127, 137 (Bankr. S.D. Miss. 2018) (granting a motion to compel arbitration because the court found that it did not have discretion to deny a motion to compel arbitration of a debtor derivative claim).[4]

### ii. The Trustee's Claims against J.E. Goodman are common law state law claims that must be referred to binding arbitration.

The Trustee's breach of fiduciary duty claims against J.E. Goodman in this adversary proceeding are state law claims derivative of the Debtor's prepetition rights and could exist outside of the bankruptcy context. Complaint ¶¶ 135-140; 154-167; 178-187. Under the Fifth Circuit's test, this Court has no discretion to refuse to compel arbitration and must compel the Trustee's claims against J.E. Goodman to binding arbitration. *See, e.g.*, *McCollum*, 621 B.R. at 659

---

[3] Bankruptcy courts have the discretion to refuse to enforce otherwise valid arbitration provisions only in the narrow circumstance when the causes of action at issue derive entirely from the Bankruptcy Code *and* even then, only if arbitration of the claims subject to the arbitration provision would conflict with the purposes of the Code. *See National Gypsum*, 118 F.3d at 1067 ("[W]e believe that nonenforcement of an otherwise applicable arbitration provision turns on the underlying nature of the proceeding, *i.e.*, whether the proceeding derives exclusively from the provisions of the Bankruptcy Code and, if so, whether arbitration of the proceeding would conflict with the purposes of the Code."). Courts in other jurisdictions have focused on a "core" v. "non-core" distinction, but the Fifth Circuit rejected that approach and directed use of a test that focuses on whether the cause of action is "derivative of the pre-petition legal or equitable rights possessed by a debtor or is derived entirely from the provisions of the Bankruptcy Code." *In re Trevino*, 599 B.R. 526, 541 (Bankr. S.D. Tex. 2019) (discussing *National Gypsum*, 118 F.3d at 1069); *see also Martinez v. Beneficial Texas, Inc.*, No. 06-34385, 2007 WL 1174186, at *4 (Bankr. S.D. Tex. Apr. 19, 2007).

[4] The Third Circuit in *Hays* held that "the trustee is bound by the arbitration agreement to the same extent as the debtor" and that "the Bankruptcy Code . . . does not conflict with the [FAA] so as to permit a district court to deny enforcement of an arbitration clause in a non-core proceeding." *Hays*, 885 F.2d at 1150.

(bankruptcy court granted motion to compel arbitration of aiding and abetting breach of fiduciary duty claim); *In re Friedman's, Inc.*, 372 B.R. 530, 539-41 (Bankr. S.D. Ga. 2007) (bankruptcy court compelled arbitration of breach of fiduciary duty claim).

### D. Any Dispute Regarding the Scope of the Arbitration Provision Must Be Referred to Arbitration.

Any dispute about the arbitrability of the Trustee's claims against J.E. Goodman or the scope of the 2017 Shareholders Agreement's arbitration provision must be submitted to the arbitration panel. The arbitration provision explicitly incorporates the AAA Rules. Exhibit 1 ¶ 30. Rule 7 of the AAA Rules provides that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Rule R-7, AAA Commercial Rules. An excerpt of the AAA Rules is attached hereto as Exhibit 4.

When parties have agreed to arbitrate under the AAA Rules, they have agreed to arbitrate the issue of arbitrability. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675-76 (5th Cir. 2014) (holding that incorporating the AAA Rules into an arbitration provision "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability"); *see also TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 712 (Tex. 2023) (holding that expressly incorporating the AAA rules into an arbitration clause evidences the parties' agreement to arbitrate arbitrability). As such, any dispute as to whether the Trustee's claims are arbitrable must be referred to arbitration.

### CONCLUSION & PRAYER

Based on the foregoing, the Trustee's claims against J.E. Goodman should be compelled to binding arbitration before the American Arbitration Association, per the arbitration provision in the 2017 Shareholders Agreement. The 2017 Shareholders Agreement is one of three corporate

9

governance documents adopted by the Debtor after it emerged from bankruptcy in 2017 and must be construed together. The Trustee's breach of fiduciary duty claims against J.E. Goodman fall within the scope of the arbitration provision because the purported duties cannot be defined without reference to the 2017 Corporate Documents. The Trustee's claims are debtor-derivative state law claims that do not rely on bankruptcy law. Nor do the Trustee's claims arise under the Bankruptcy Code. The Court has no discretion to deny J.E. Goodman's Motion and must instead compel arbitration and abate the Trustee's claims against J.E. Goodman pending resolution of the arbitration proceeding.

WHEREFORE, J.E. Goodman prays that the Court grant this Motion, compel all claims and causes of action against J.E. Goodman in this lawsuit to binding arbitration, and abate the claims against J.E. Goodman pending the outcome of the arbitration. J.E. Goodman further prays that he has and recovers all other relief, whether at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:   */s/ Randall A. Pulman*
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Anna K. MacFarlane
Texas State Bar No. 24116701
amacfarlane@pulmanlaw.com

***Attorneys for James E. Goodman***

4857-7971-0422, v. 2

### CERTIFICATE OF SERVICE

I certify that on the **7th** day of **August, 2024**, I served a true and correct copy of the foregoing upon counsel for Plaintiff, Davor Rukavina via email drukavina@munsch.com and via this Court's ECF notification system.

<i>/s/ Randall A. Pulman</i><br>
Randall A. Pulman