**EXHIBIT 2**                                                                                     As Adopted May 31, 2017

# THIRD AMENeDED AND RESTATED BYLAWS
# OF
# GOODMAN NETWORKS INCORPORATED

## ARTICLE I

## OFFICES

Section 1.01. <u>Registered Office</u>.  The address of the registered office of Goodman Networks Incorporated (the "Corporation") in the State of Texas is as determined by the Board of Directors from time to time.

Section 1.02. <u>Other Offices</u>.  The Corporation may also have offices at such other places both within and without the State of Texas as the Board of Directors may from time to time determine or the business of the Corporation may require.

Section 1.03. <u>Books</u>.  The books of the Corporation may be kept within or without the State of Texas as the Board of Directors may from time to time determine or the business of the Corporation may require.

## ARTICLE II

## MEETINGS OF SHAREHOLDERS

Section 2.01. <u>Time and Place of Meetings</u>.  All meetings of shareholders shall be held at such place, either within or without the State of Texas, on such date and at such time as may be determined from time to time by the Chairman of the Board of Directors (or the Board of Directors in the absence of a designation by the Chairman of the Board of Directors).

Section 2.02. <u>Annual Meetings</u>.  An annual meeting of shareholders shall be held for the election of directors, as applicable, and to transact such other business as may properly be brought before the meeting.

Section 2.03. <u>Special Meetings</u>.  A special meeting of shareholders may be called as specified in the Corporation's Certificate of Formation.

Section 2.04. <u>Conduct at Meetings</u>.  The Chairman of the Board of Directors (or in the absence or disability of the Chairman of the Board of Directors, the Chief Executive Officer) of the Corporation shall act as chairman of any meetings of shareholders.  The Secretary or Assistant Secretary of the Corporation shall act as secretary of the meeting. If neither the Secretary nor an Assistant Secretary is present, the chairman of the meeting shall appoint a secretary of the meeting.  The Board of Directors may adopt such rules and regulations for the conduct of the meeting of shareholders as it shall deem appropriate. Unless otherwise determined by the Board of Directors prior to the meeting, the chairman of the meeting shall determine the order of business and shall have the authority in his or her discretion to regulate the conduct of

16138436_14

**EXHIBIT 2**

**CONFIDENTIAL**                                                                                     Trustee_Akerman_003196

any such meeting, including, without limitation, convening the meeting and adjourning the meeting (whether or not a quorum is present), announcing the date and time of the opening and the closing of the polls for each matter upon which the shareholders will vote, imposing restrictions on the persons (other than shareholders of record of the Corporation or their duly appointed proxies) who may attend any such meeting, establishing procedures for the dismissal of business not properly presented, maintaining order at the meeting and safety of those present, restricting entry to the meeting after the time fixed for commencement thereof and limiting the circumstances in which any person may make a statement or ask questions at any meeting of shareholders.

Section 2.05. Notice of Meetings and Adjourned Meetings; Waivers of Notice.

(a) Whenever shareholders are required or permitted to take any action at a meeting, a written notice of the meeting shall be given which shall state the place, if any, date and hour of the meeting, the means of remote communications, if any, by which shareholders and proxy holders may be deemed to be present in person and vote at such meeting and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Unless otherwise provided by the Texas Business Organizations Code of the State of Texas as the same now exists or may hereafter be amended (the "TBOC"), such notice shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each shareholder of record entitled to vote at such meeting. The Board of Directors or the chairman of the meeting may adjourn the meeting to another time or place (whether or not a quorum is present), and notice need not be given of the adjourned meeting if the time, place, if any, and the means of remote communications, if any, by which shareholders and proxy holders may be deemed to be present in person and voting at such meeting, are announced at the meeting at which such adjournment is made. At the adjourned meeting, the Corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days, or after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each shareholder of record entitled to vote at the meeting.

(b) A written waiver of any such notice signed by the person entitled thereto, or a waiver by electronic transmission by the person entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends the meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Business transacted at any special meeting of shareholders shall be limited to the purposes stated in the notice.

Section 2.06. Quorum. Unless otherwise provided under the Corporation's Certificate of Formation or these Bylaws and subject to the TBOC, the presence, in person or by proxy, of the holders of a majority of the outstanding common stock of the Corporation entitled to vote at a meeting of shareholders shall constitute a quorum for the transaction of business. If, however, such quorum shall not be present or represented at any meeting of the shareholders, the chairman of the meeting or a majority in voting interest of the shareholders present in person or represented by proxy may adjourn the meeting, without notice other than announcement at the meeting, until a quorum shall be present or represented. At such adjourned meeting at which a

16138436_14                                    2

CONFIDENTIAL                                                                                                    Trustee_Akerman_003197

quorum shall be present or represented any business may be transacted that might have been transacted at the meeting as originally notified.

Section 2.07. Voting.

(a) Unless otherwise provided by the TBOC or the Certificate of Formation, each shareholder shall be entitled to one (1) vote for each outstanding share of common stock of the Corporation held by such shareholder. Any share of capital stock of the Corporation held by the Corporation shall have no voting rights. Except as otherwise provided by the TBOC, the Certificate of Formation or these Bylaws, in all matters other than the election of directors, the affirmative vote of the majority of the shares of capital stock of the Corporation present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the shareholders. Subject to the terms of the Shareholders Agreement (defined below) and that certain Indenture, by and among the Corporation, UMB Bank, National Association, as trustee, and U.S. Bank National Association, as collateral agent (the "Indenture"), directors shall be elected by a plurality of the votes of the shares of capital stock of the Corporation present in person or represented by proxy at the meeting and entitled to vote on the election of directors.

(b) Each shareholder entitled to vote at a meeting of shareholders or to express consent or dissent to a corporate action in writing without a meeting may authorize another person or persons to act for such shareholder by proxy, appointed by an instrument in writing, subscribed by such shareholder or by his attorney thereunto authorized, or by proxy sent by cable, telegram or by any means of electronic communication permitted by law, which results in a writing from such shareholder or by his attorney, and delivered to the secretary of the meeting. No proxy shall be voted after eleven (11) months from its date, unless said proxy provides for a longer period.

(c) In determining the number of votes cast for or against a proposal or nominee, shares abstaining from voting on a matter and votes by a broker that have not been directed by the beneficial owner will be counted for purposes of determining a quorum but not for purposes of determining the number of votes cast.

Section 2.08. Permitted Actions by Written Consent.  To the extent permitted by the Certificate of Formation, any action to be taken at any annual or special meeting of shareholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action to be so taken, shall be signed by the holders of outstanding stock having not less than a majority of the shares entitled to vote, or, if greater, not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted, and shall be delivered to the Corporation by delivery to its registered office in the state of Texas, its principal place of business or an officer or an agent of the Corporation having custody of the book or books in which proceedings of meetings of shareholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested; provided, that no consent or consents delivered by certified or registered mail shall be deemed delivered until such consent or consents are actually received at the registered office. Every written consent shall bear the date of signature of each shareholder who signs the consent, and no written consent shall be effective to take the corporate action referred to therein unless, within sixty (60) days of the earliest dated consent delivered in the manner required by this Section 2.08, written consents signed by a sufficient number of holders to take action are

CONFIDENTIAL                                                                                          Trustee_Akerman_003198

delivered to the Corporation. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by applicable law, be given to those shareholders who have not consented in writing, and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for notice of such meeting had been the date that written consents signed by a sufficient number of holders to take the action were delivered to the Corporation. Any action taken pursuant to such written consent or consents of the shareholders shall have the same force and effect as if taken by the shareholders at a meeting thereof.

Section 2.09. Organization. At each meeting of shareholders, the Chairman of the Board of Directors, if one shall have been elected, or in the Chairman's absence or if one shall not have been elected, the director designated by the vote of the majority of the directors present at such meeting, shall act as chairman of the meeting. The Secretary (or in the Secretary's absence or inability to act, the person whom the chairman of the meeting shall appoint secretary of the meeting) shall act as secretary of the meeting and keep the minutes thereof.

Section 2.10. Order of Business. The order of business at all meetings of shareholders shall be as determined by the chairman of the meeting.

Section 2.11. Voting Lists. The officer or agent having charge of the transfer book for stock of the Corporation shall make, at least ten (10) days before such meeting, a complete list of the shareholders entitled to vote at such meeting, arranged in alphabetical order, with the address of and the number of shares of stock held by each, available for inspection by any shareholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten (10) days prior to the meeting, either at the Corporation's principal executive offices or at the place where the meeting is to be held. The list shall also be produced and kept at the time and place of the meeting during the entire meeting, and may be inspected by any shareholder who is present at the meeting. The original stock transfer books (or any duplicates thereof maintained by the Corporation) shall be the only evidence of the identity of the shareholders entitled to examine such list or transfer books or to vote at any meeting of shareholders.

Section 2.12. Advance Notice of Shareholder Nominations and Proposals.

(a) Timely Notice. Subject to the provisions set forth in the Sixth Amended and Restated Shareholders' Agreement, dated May 31, 2017, by and among the Company and the shareholders named therein or bound thereby (as the same may be amended and/or restated from time to time, the "Shareholders Agreement"), at an annual meeting of the shareholders, only such nominations of persons for the election to the Board of Directors shall be considered and such other business shall be conducted as shall have been properly brought before the meeting. To be properly brought before an annual meeting, nominations or such other business must be: (i) specified in the notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors, (ii) otherwise properly brought before the meeting by or at the direction of the Board of Directors or (iii) otherwise properly brought before an annual meeting by a shareholder (A) who is a shareholder of record of the Corporation (and, with respect to any beneficial owner, if different, on whose behalf such business is proposed or such nomination or nominations are made, only if such beneficial owner is the beneficial owner of shares of the Corporation) both at the time such notice of meeting is delivered and on the record date for the determination of shareholders entitled to vote at the annual meeting of shareholders, (B) who is entitled to vote at

CONFIDENTIAL    Trustee_Akerman_003199

the meeting and (C) who complies with the notice procedures set forth in this Section 2.12. In addition, any proposal of business (other than the nomination of persons for election to the Board of Directors) must be a proper matter for shareholder action. For nominations or other business to be properly brought before an annual meeting by a shareholder, the shareholder or shareholders of record intending to propose the business (the "Proposing Shareholder") must have given timely notice thereof pursuant to this Section 2.12(a) or Section 2.12(c) below, as applicable, in writing to the Secretary of the Corporation. To be timely, a Proposing Shareholder's notice must be delivered to or mailed and received at the principal executive offices of the Corporation: (x) not later than the close of business on the ninetieth (90th) day, nor earlier than the close of business on the one hundred and twentieth (120th) day in advance of the anniversary of the previous year's annual meeting if such meeting is to be held on a day which is not more than thirty (30) days in advance of the anniversary of the previous year's annual meeting or not later than seventy (70) days after the anniversary of the previous year's annual meeting; and (y) with respect to any other annual meeting of shareholders, not later than the close of business on the later of the ninetieth (90th) day prior to such annual meeting or the close of business on the tenth (10th) day following the date of Public Disclosure of the date of such meeting. In no event shall an adjournment, deferral or postponement of an annual meeting or Public Disclosure thereof commence a new notice time period (or extend any notice time period) for the giving of a shareholder's notice as described above. For purposes of this Section 2.12(a), "Public Disclosure" shall mean a disclosure made in a press release reported by the Dow Jones News Services, The Associated Press or a comparable national news service or in a document filed by the Corporation with the Securities and Exchange Commission pursuant to Section 13, 14 or 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and the rules and regulations promulgated thereunder, or, at any time at which the Corporation is not filing reports pursuant to Section 13 or 15(d) of the Exchange Act, on the investor relations website of the Corporation or such other website on which the Corporation makes information available to shareholders.

   (b) Shareholder Nominations.  Subject to the terms of the Shareholders Agreement, for the nomination of any person or persons for election to the Board of Directors, a Proposing Shareholder's notice to the Secretary of the Corporation shall set forth (i) the name, age, business address and residence address of each nominee proposed in such notice, (ii) the principal occupation or employment of each such nominee, (iii) the number of shares of capital stock of the Corporation which are owned of record and beneficially by each such nominee (if any), (iv) such other information concerning each such nominee as would be required to be disclosed in a proxy statement soliciting proxies for the election of such nominee as a director in an election contest (even if an election contest is not involved) or that is otherwise required to be disclosed, under Section 14(a) of the Exchange Act, (v) a description of all direct and indirect compensation and other material agreements, arrangements and understandings during the past three (3) years, and any other material relationships, between or among the Proposing Shareholder or beneficial owner or any of their affiliates or associates, or others acting in concert therewith, on the one hand, and each proposed nominee and his or her respective affiliates and associates, or others acting in concert therewith, on the other hand, including, without limitation, all information that would be required to be disclosed pursuant to Item 404 promulgated under Regulation S-K if the shareholder making the nomination and any beneficial owner on whose behalf the nomination is made, or any affiliate or associate thereof or person acting in concert

CONFIDENTIAL                                                                    Trustee_Akerman_003200

therewith, were the "registrant" for purposes of such rule and the nominee were a director or executive officer of such registrant, (vi) a completed and signed questionnaire regarding the background and qualification of such person to serve as a director, a copy of which may be obtained upon request to the Secretary, (vii) the consent of the nominee to being named in the proxy statement as a nominee and to serving as a director if elected, and (viii) as to the Proposing Shareholder: (A) the name and address of the Proposing Shareholder as they appear on the Corporation's books and of the beneficial owner, if any, on whose behalf the nomination is being made, (B) the class or series and number of shares of the Corporation's capital stock which are directly or indirectly owned by the Proposing Shareholder (beneficially and of record) and owned by the beneficial owner, if any, on whose behalf the nomination is being made, as of the date of the Proposing Shareholder's notice, and a representation that the Proposing Shareholder will notify the Corporation in writing of the class and number of such shares owned of record and beneficially as of the record date for the meeting promptly following the later of the record date or the date notice of the record date is first publicly disclosed, (C) a description of any agreement, arrangement or understanding with respect to such nomination between or among the Proposing Shareholder and any of its affiliates or associates, and any others (including their names) acting in concert with any of the foregoing, and a representation that the Proposing Shareholder will notify the Corporation in writing of any such agreement, arrangement or understanding in effect as of the record date for the meeting promptly following the later of the record date or the date notice of the record date is first publicly disclosed, (D) the class or series, if any, and number of options, warrants, puts, calls, convertible securities, stock appreciation rights, or similar rights, obligations or commitments with an exercise or conversion privilege or a settlement payment or mechanism at a price related to any class or series of shares or other securities of the Corporation or with a value derived in whole or in part from the value of any class or series of shares or other securities of the Corporation, whether or not such instrument, right, obligation or commitment shall be subject to settlement in the underlying class or series of shares or other securities of the Corporation (each a "Derivative Security"), which are, directly or indirectly, beneficially owned by the Proposing Shareholder or beneficial owner or any of their affiliates or associates, (E) any agreement, arrangement, understanding, or relationship, including any repurchase or similar so-called "stock borrowing" agreement or arrangement, engaged in, directly or indirectly, by the Proposing Shareholder or beneficial owner or any of their affiliates or associates, the purpose or effect of which is to mitigate loss to, reduce the economic risk (of ownership or otherwise) of any class or series of capital stock or other securities of the Corporation by, manage the risk of share price changes for, or increase or decrease the voting power of, such shareholder or beneficial owner or any affiliate or associate of the Proposing Shareholder or beneficial owner with respect to any class or series of capital stock or other securities of the Corporation, or that provides, directly or indirectly, the opportunity to profit from any decrease in the price or value of any class or series or capital stock or other securities of the Corporation, (F) a description of any other direct or indirect opportunity to profit or share in any profit (including any performance-based fees) derived from any increase or decrease in the value of shares or other securities of the Corporation, (G) any proxy, contract, arrangement, understanding or relationship pursuant to which the Proposing Shareholder or beneficial owner or any of their affiliates or associates has a right to vote any shares or other securities of the Corporation, (H) any rights to dividends on the shares of the Corporation owned beneficially by the Proposing Shareholder or such beneficial owner or any of their affiliates or associates that are separated or separable from the underlying shares of the Corporation, (I) any proportionate

CONFIDENTIAL                                                                                                      Trustee_Akerman_003201

interest in shares of the Corporation or Derivative Securities held directly or indirectly, by a general or limited partnership in which the Proposing Shareholder or beneficial owner or any of their affiliates or associates is a general partner or, directly or indirectly, beneficially owns an interest in a general partner, if any, (J) a description of all agreements, arrangements, and understandings between the Proposing Shareholder or beneficial owner or any of their affiliates or associates and any other person(s) (including their name(s)) in connection with or related to the ownership or voting of capital stock of the Corporation or Derivative Securities, (K) a representation that the Proposing Shareholder is a holder of record of shares of the Corporation entitled to vote at the meeting and intends to appear in person or by proxy at the meeting to nominate the person or persons specified in the notice, and (L) a representation as to whether the Proposing Shareholder intends to deliver a proxy statement and/or form of proxy to holders of at least the percentage of the Corporation's outstanding capital stock required to approve the nomination and/or otherwise to solicit proxies from shareholders in support of the nomination. The Corporation may require any proposed nominee to furnish such other information as it may reasonably require to determine the eligibility of such proposed nominee to serve as an independent director of the Corporation or that could be material to a reasonable shareholder's understanding of the independence, or lack thereof, of such nominee.

(c) Other Shareholder Proposals.  For all business other than director nominations, a Proposing Shareholder's notice to the Secretary of the Corporation shall set forth as to each matter the Proposing Shareholder proposes to bring before the annual meeting: (i) a brief description of the business desired to be brought before the annual meeting and the reasons for conducting such business at the annual meeting, (ii) any other information relating to such shareholder and beneficial owner, if any, on whose behalf the proposal is being made, required to be disclosed in a proxy statement or other filings required to be made in connection with solicitations of proxies for the proposal and pursuant to and in accordance with Section 14(a) of the Exchange Act and the rules and regulations promulgated thereunder and (iii) the information required by Section 2.12(b) above.

(d) Proxy Rules.  Notwithstanding the foregoing provisions of this Section 2.12, at any time in which the Corporation is required to file reports under Section 13 of the Exchange Act, a shareholder shall also comply with all applicable requirements of the Exchange Act and the rules and regulations thereunder with respect to the matters set forth in this Section 2.12.  Nothing in this section shall be deemed to (i) affect any rights of shareholders to request inclusion of proposals in the Corporation's proxy statement pursuant to Rule 14a-8 under the Exchange Act (or any successor rule thereto), (ii) confer upon any shareholder a right to have a nominee or any proposed business included in the Corporation's proxy statement, or (iii) affect any rights of the holders of any series of preferred stock to elect directors pursuant to any applicable provisions of the Certificate of Formation.

(e) Special Meetings of Shareholders.  Except as set forth in the Shareholders Agreement, only such business shall be conducted at a special meeting of shareholders as is a proper matter for shareholder action under the TBOC and as shall have been brought before the meeting pursuant to the Corporation's notice of meeting. Nominations of persons for election to the Board of Directors may be made at a special meeting of shareholders at which directors are to be elected pursuant to the Corporation's notice of meeting (i) by or at the direction of the Board of

CONFIDENTIAL    Trustee_Akerman_003202

Directors or (ii) provided that the Board of Directors has determined that directors shall be elected at such meeting, by any shareholder of the Corporation who (A) is a shareholder of record of the Corporation (and, with respect to any beneficial owner, if different, on whose behalf such nomination or nominations are made, only if such beneficial owner is the beneficial owner of shares of the Corporation) both at the time the notice provided for in this Section 2.12 is delivered to the Secretary of the Corporation and upon the record date for the determination of shareholders entitled to vote at the meeting, (B) who is entitled to vote at the meeting and upon such election and (C) who complies with the notice procedures set forth in this Section 2.12.  In the event the Corporation calls a special meeting of shareholders for the purpose of electing one or more directors to the Board of Directors, any such shareholder entitled to vote in such election of directors may nominate a person or persons (as the case may be) for election to such position(s) as specified in the Corporation's notice of meeting, if the shareholder's notice required by this Section 2.12 shall be delivered to the Secretary at the principal executive offices of the Corporation not later than the close of business on the ninetieth (90th) day prior to such special meeting and not earlier than the close of business on the later of the one hundred and twentieth (120th) day prior to such special meeting or the tenth (10th) day following the date of Public Disclosure of the date of the special meeting and of the nominees proposed by the Board of Directors to be elected at such meeting. In no event shall the Public Disclosure of an adjournment or postponement of a special meeting commence a new time period (or extend any notice time period) for the giving of a shareholder's notice as described above.

    (f) Effect of Noncompliance. Notwithstanding anything in these Bylaws to the contrary but subject to the terms of the Shareholders Agreement: (i) no nominations shall be made or business shall be conducted at any annual or special meeting except in accordance with the procedures set forth in this Section 2.12, and (ii) unless otherwise required by law, if a Proposing Shareholder intending to propose business or make nominations at an annual or special meeting pursuant to this Section 2.12 does not provide the information required under this Section 2.12 to the Corporation promptly following the later of the record date or the date notice of the record date is first publicly disclosed, or the Proposing Shareholder (or a qualified representative of the Proposing Shareholder) does not appear at the meeting to present the proposed business or nominations, such business or nominations shall not be considered, notwithstanding that proxies in respect of such business or nominations may have been received by the Corporation. The requirements of this Section 2.12 shall apply to any business or nominations to be brought before an annual or special meeting by a shareholder whether such business or nominations are to be included in the Corporation's proxy statement pursuant to Rule 14a-8 of the Exchange Act or presented to shareholders by means of an independently financed proxy solicitation. The requirements of the Section 2.12 are included to provide the Corporation notice of a shareholder's intention to bring business or nominations before an annual or special meeting and shall in no event be construed as imposing upon any shareholder the requirement to seek approval from the Corporation as a condition precedent to bringing any such business or make such nominations before an annual meeting.

16138436_14                                              8

CONFIDENTIAL                                                                                                                    Trustee_Akerman_003203

## ARTICLE III

### DIRECTORS

Section 3.01. <u>General Powers</u>. Except as otherwise provided by the TBOC or the Certificate of Formation, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

Section 3.02. <u>Number, Election and Term of Office</u>. The number of directors which shall constitute the initial Board of Directors shall be five (5). Thereafter, the number of directors shall be established from time to time by resolution of the Board of Directors, subject to and in compliance with the provisions of the Shareholders Agreement and the Certificate of Formation or, after the termination of the Shareholders Agreement and the amendment as applicable of the Certificate of Formation, by resolution of the Board of Directors. For so long as the Shareholders Agreement is in effect, Directors shall be elected in accordance with the provisions of the Shareholders Agreement. After the Shareholders Agreement is in no longer effect, at least two (2) directors shall be non-employee directors. If a non-employee director resigns from the Board of Directors and the number of non-employee directors then serving on the Board of Directors is less than two (2), it shall not invalidate the directorship of any currently serving director. Each director shall serve for a term ending on the date of the annual meeting of shareholders next following the date on which such director was elected. Notwithstanding the foregoing, each director shall hold office until such director's successor shall have been duly elected and qualified or until such director's earlier death, resignation or removal as provided by the Shareholders Agreement. Directors need not be shareholders. This <u>Section 3.02</u> may not be altered, amended or repealed without the consent of two-thirds of the total voting power of the issued and outstanding common stock.

Section 3.03. <u>Quorum and Manner of Acting</u>. Unless the Certificate of Formation or these Bylaws require a greater number, directors holding the voting power of a majority of the Whole Board or, if greater, one-third of the number of directors constituting the Whole Board, shall constitute a quorum for the transaction of business at any meeting of the Board of Directors and, except as otherwise expressly required by the TBOC or by the Certificate of Formation or these Bylaws, the act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors. When a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the Board of Directors may transact any business which might have been transacted at the original meeting. If a quorum shall not be present at any meeting of the Board of Directors the directors present thereat shall adjourn the meeting, from time to time, without notice other than announcement at the meeting, until a quorum shall be present. For purposes of these Bylaws, the term "<u>Whole Board</u>" shall mean the total number of authorized directors whether or not there exists any vacancies in previously authorized directorships.

Section 3.04. <u>Time and Place of Meetings</u>. The Board of Directors shall hold its meetings at such place, either within or without the State of Texas, and at such time between the hours of 9:00 a.m. and 6:00 p.m., Central time, on business days only, as may be determined from time to time by the Board of Directors (or the Chairman of the Board of Directors in the absence of a determination by the Board of Directors).

CONFIDENTIAL    Trustee_Akerman_003204

Section 3.05. Annual Meeting. The Board of Directors shall meet for the election of officers and the transaction of other business, as soon as practicable after each annual meeting of shareholders, on the same day and at the same place where such annual meeting shall be held. Notice of such meeting need not be given. In the event such annual meeting is not so held, the annual meeting of the Board of Directors may be held at such place either within or without the State of Texas, on such date and at such time as shall be specified in a notice thereof given as hereinafter provided in Section 3.07 herein or in a waiver of notice thereof signed by any director who chooses to waive the requirement of notice.

Section 3.06. Regular Meetings. Following approval of the schedule at a prior Board meeting, regular meetings of the Board of Directors may be held without notice being given at such time and at such place as shall from time to time be determined by the Chairman of the Board of Directors, or in his absence or disability, the Board of Directors.

Section 3.07. Special Meetings. Special meetings of the Board of Directors may be called by the Chairman of the Board of Directors or by the Chief Executive Officer and shall be called by the Chairman of the Board of Directors or by the Chief Executive Officer on the written request of a majority of the Whole Board. Notice of special meetings of the Board of Directors shall be given to each director at least forty-eight (48) hours before the time and date of the meeting in such manner as is determined by the Board of Directors.

Section 3.08. Committees. The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of a committee, the member or members, if present, at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member. Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all of the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority in reference to the following matters: (a) approving or adopting, or recommending to the shareholders, any action or matter expressly required by the TBOC to be submitted to the shareholders for approval, or (b) adopting, amending or repealing the Bylaws of the Corporation. Notwithstanding the preceding sentence, for so long as the Shareholders Agreement is in effect, unless unanimously approved by the Board of Directors, each committee shall have only advisory powers and shall provide recommendations to the Board of Directors for consideration. Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors.

Section 3.09. Committee Rules. Each committee of the Board of Directors may fix its own rules of procedure and shall hold its meetings as provided by such rules, except as may otherwise be provided by a resolution of the Board of Directors designating such committee. Unless otherwise provided in such a resolution, the presence of at least a majority of the members of the committee shall be necessary to constitute a quorum. In the event that a member is absent or disqualified, the member or members thereof present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint

CONFIDENTIAL                                                                                         Trustee_Akerman_003205

another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.

Section 3.10. Action by Consent. Unless otherwise restricted by the Certificate of Formation or these Bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting, if all members of the Board of Directors or committee, as the case may be, consent thereto in writing or by electronic transmission, and the writing or writings or electronic transmission or transmissions, are filed with the minutes of proceedings of the Board of Directors or committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 3.11. Telephonic Meetings. Members of the Board of Directors, or any committee designated by the Board of Directors, shall be entitled to participate in each meeting of the Board of Directors, or such committee, as the case may be, by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and such participation in a meeting shall constitute presence in person at the meeting.

Section 3.12. Resignation. Any director may resign at any time by giving notice in writing or by electronic transmission to the Board of Directors, the Chairman of the Board of Directors, the Chief Executive Officer, the President or to the Secretary of the Corporation. The resignation of any director shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 3.13. Vacancies. Vacancies on the Board of Directors resulting from death, resignation, removal or otherwise and newly created directorships resulting from any increase in the number of directors shall be filled as provided in the Shareholders Agreement; provided, that at such time as the Shareholders Agreement is no longer in effect, such vacancies may be filled by (a) the affirmative vote of the holders of not less than a majority of the total voting power of all issued and outstanding common stock, (b) a majority of the directors then in office (although less than a quorum) or (c) the sole remaining director. Each director so elected shall hold office for a term expiring at the annual meeting of shareholders at which the term of office of the class to which they have been chosen expires or until such director's successor shall have been duly elected and qualified. If there are no directors in office, then an election of directors may be held in accordance with the TBOC. Unless otherwise provided in the Certificate of Formation and subject to the terms of the Shareholders Agreement, when one or more directors shall resign from the Board effective at a future date, a majority of the directors then in office, shall have the power to fill such vacancy or vacancies and each director so chosen shall hold office as provided in the filling of the other vacancies. During a period between two successive annual meetings of shareholders, the Board of Directors may not fill more than two vacancies created by an increase in the number of directors.

Section 3.14. Removal. Subject to the terms of the Shareholders Agreement, a director may be removed from office at any time, with or without cause, by the affirmative vote of the holders of not less than a majority of the total voting power the issued and outstanding common stock.

16138436_14                                                11

CONFIDENTIAL                                                                                                                                Trustee_Akerman_003206

Section 3.15. <u>Compensation</u>.  Unless otherwise restricted by the Certificate of Formation or these Bylaws, the Board of Directors shall have authority to fix the compensation of directors, including fees and reimbursement of expenses.

# ARTICLE IV

## OFFICERS

Section 4.01. <u>Principal Officers</u>.  The principal officers of the Corporation shall be an Executive Chairman, a Chief Executive Officer, a President, a Chief Financial Officer, a Chief Operating Officer and a Secretary who shall have the duty, among other things, to record the proceedings of the meetings of shareholders and directors in a book kept for that purpose. The Executive Chairman, Chief Executive Officer, President and Secretary of the Corporation shall be elected by the Board of Directors.  All other officers of the Corporation may be appointed by the Executive Chairman (if the Chairman of the Board of Directors has been designated Executive Chairman), or in his absence or disability or if the Chairman of the Board of Directors has not been designated Executive Chairman, the Chief Executive Officer or, in his absence or disability, the President.  Each officer shall serve until his or her successor is elected and qualifies or until his or her death, or his or her resignation or removal in the manner hereinafter provided.  The Corporation may also have such other principal officers as the Board of Directors may in its discretion appoint. One person may hold the offices and perform the duties of any two or more of such offices, except that no one person shall hold the offices and perform the duties of President and Secretary.

(a) <u>Executive Chairman</u>.  The Board of Directors may, by resolution adopted by an affirmative majority of the Board of Directors, designate the Chairman of the Board of Directors as the Executive Chairman and an officer of the Corporation. The Executive Chairman and his duties shall be subject to the control of the Board of Directors.  The Executive Chairman (if any) shall (i) be responsible for advising and counseling the Chief Executive Officer in areas such as corporate and strategic planning and policy, mergers and acquisitions, corporate objectives, annual financial budgets, capital expenditures, evaluating and hiring employees, communicating with investment bankers, lenders or other financial sponsors and other areas as requested by the Board of Directors, (ii) if present, preside over all meetings of the Board of Directors and of the shareholders, (iii) have the power to sign and execute all deeds, mortgages, bonds, certificates, contracts and other instruments and obligations of the Corporation which may be authorized by the Board of Directors, (iv) have and perform such other powers and duties as may be prescribed by the Board of Directors or these Bylaws and (v) serve at the pleasure of the Board of Directors. During the time of any vacancy in the office of Chief Executive Officer or President, or in the event of the absence or disability of the Chief Executive Officer and President, the Executive Chairman (if any) shall have the duties and powers of the Chief Executive Officer unless otherwise determined by the Board of Directors.

(b) <u>Chief Executive Officer</u>.  The Chief Executive Officer shall be responsible for the general supervision of the affairs of the Corporation and have general management and control of the business and property of the Corporation in the ordinary course of its business. The Chief Executive Officer and his duties shall be subject to the control of the Board of Directors.  The Chief Executive Officer shall have the power to sign and execute all deeds, mortgages, bonds,

16138436_14                                                      12

CONFIDENTIAL                                                                                         Trustee_Akerman_003207

certificates, contracts and other instruments and obligations of the Corporation which may be authorized by the Board of Directors, except in cases where the signing and execution thereof shall be expressly designated by the Board of Directors or by these Bylaws to some other officer, official or agent of the Corporation or shall be required by law to be otherwise executed. The Chief Executive Officer shall perform all duties incident to the office of Chief Executive Officer and such other duties as are properly required of him by the Bylaws and the Board of Directors. During the absence or disability of the Chairman of the Board of Directors or the President, the Chief Executive Officer shall exercise all the powers and discharge all the duties of the Chairman of the Board of Directors (including duties as Executive Chairman, as applicable) or the President, respectively. As between the Corporation and third parties, any action taken by the Chief Executive Officer in the performance of the duties of the Chairman of the Board of Directors or the President shall be conclusive evidence that the Chairman of the Board of Directors, or the President, respectively, is absent or unable to act.

(c) <u>President</u>.  The President shall possess the same power as the Chief Executive Officer to sign and execute all deeds, mortgages, bonds, certificates, contracts and other instruments and obligations of the Corporation which may be authorized by the Board of Directors, except in cases where the signing and execution thereof shall be expressly designated by the Board of Directors or by these Bylaws to some other officer, official or agent of the Corporation or shall be required by law to be otherwise executed. The President shall perform such duties as may from time to time be assigned to him by the Board of Directors and the Chief Executive Officer. In the event of the absence or disability of the Chief Executive Officer, and at the request of the Board of Directors, the President shall perform all of the duties of the Chief Executive Officer, and when so acting he shall have all of the powers of and be subject to the restrictions upon the Chief Executive Officer. As between the Corporation and third parties, any action taken by the President in the performance of the duties of the Chief Executive Officer shall be conclusive evidence that the Chief Executive Officer is absent or unable to act.

(d) <u>Chief Financial Officer</u>. The Chief Financial Officer shall have general financial supervision, management, direction and control of the business and affairs of the Corporation and shall see that all financial orders and resolutions of the Board of Directors are carried into effect. The Chief Financial Officer shall be authorized to execute promissory notes, bonds, mortgages, leases and other contracts, except where required or permitted by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the Board of Directors to some other officer or agent of the Corporation. The Chief Financial Officer shall have the general financial powers and duties of management usually vested in the office of Chief Financial Officer of a corporation and shall perform such other duties and possess such other authority and powers as the Board of Directors or Chief Executive Officer may from time to time prescribe.

(e) <u>Chief Operating Officer</u>.  The Chief Operating Officer shall perform such duties as are customary for a Chief Operating Officer to perform, including the powers to sign and execute all deeds, mortgages, bonds, certificates, contracts and other instruments and obligations of the Corporation, except in cases where the signing and execution thereof shall be expressly designated by the Board of Directors or by these Bylaws to some other officer, official or agent of the Corporation or shall be required by law to be otherwise executed, and shall perform such

16138436_14                                   13

other duties as from time to time may be assigned to him or her by the Board of Directors, the Chief Executive Officer or the President. In the event of the absence or disability of the Chief Executive Officer and the President, the Chief Operating Officer shall perform all of the duties of the President, and when so acting he shall have all of the powers of, and be subject to, the restrictions upon the President. As between the Corporation and third parties, any action taken by the Chief Operating Officer in the performance of the duties of the President shall be conclusive evidence that each of the Chief Executive Officer and the President is absent or unable to act.

(f) <u>Vice Presidents</u>. Each Vice President shall have such powers and duties as may be prescribed by the Board of Directors or as may be delegated from time to time by the Chief Executive Officer or the President and (in the order as designated by the Board of Directors, or in the absence of such designation, as determined by the length of time each has held the office of Vice President continuously) shall exercise the powers of the Chief Operating Officer during that officer's absence or inability to act. As between the Corporation and third parties, any action taken by a Vice President in the performance of the duties of the Chief Operating Officer shall be conclusive evidence of the absence or inability to act of the President at the time such action was taken.

(g) <u>Treasurer</u>. The Treasurer shall have custody of the Corporation's funds and securities, shall keep full and accurate accounts of receipts and disbursements, and shall deposit all moneys and valuable effects in the name and to the credit of the Corporation in such depository or depositories as may be designated by the Board of Directors. The Treasurer shall audit all payrolls and vouchers of the Corporation, shall receive, audit, and consolidate all operating and financial statements of the Corporation and its various departments, shall supervise the accounting and auditing practices of the Corporation, and shall have charge of matters relating to taxation. Additionally, the treasurer shall have the power to endorse for deposit, collection, or otherwise all checks, drafts, notes, bills of exchange, and other commercial paper payable to the Corporation and to give proper receipts and discharges for all payments to the Corporation. The Treasurer shall perform such other duties as may be prescribed by the Board of Directors or as may be delegated from time to time by the Chief Executive Officer or the President.

(h) <u>Secretary</u>. The Secretary shall maintain minutes of all meetings of the Board of Directors, of any committee, and of the shareholders, or consents in lieu of such minutes, in the Corporation's minute books, and shall cause notice of such meetings to be given when requested by any person authorized to call such meetings. The Secretary may sign with the Executive Chairman (if the Chairman of the Board of Directors has been designated Executive Chairman), the Chief Executive Officer and/or the President, in the name of the Corporation, all contracts of the Corporation and affix the seal of the Corporation thereto. The Secretary shall have charge of the certificate books, share transfer records, stock ledgers, and such other stock books and papers as the board of directors may direct, all of which shall at all reasonable times be open to inspection by any director at the office of the Corporation during business hours. The Secretary shall perform such other duties as may be prescribed by the Board of Directors or as may be delegated from time to time by the Chief Executive Officer or the President.

CONFIDENTIAL                                                                                       Trustee_Akerman_003209

Section 4.02. <u>Appointment, Term of Office and Remuneration</u>.  The principal officers of the Corporation shall be appointed annually by the Board of Directors at the annual meeting thereof. Each such officer shall hold office until his or her successor is appointed, or until his or her earlier death, resignation or removal. The remuneration of all officers of the Corporation shall be fixed by the Board of Directors. Any vacancy in any office shall be filled in such manner as the Board of Directors shall determine.

Section 4.03. <u>Subordinate Officers</u>.  In addition to the principal officers enumerated in <u>Section 4.01</u> herein, the Corporation may have such other subordinate officers, agents and employees as the Board of Directors may deem necessary, each of whom shall hold office for such period as the Board of Directors may from time to time determine. The Board of Directors may delegate to any principal officer the power to appoint and to remove any such subordinate officers, agents or employees or delegate the powers or duties of any officer to any other officer or agent, notwithstanding any provision hereof.

Section 4.04. <u>Removal</u>.  Any officer may be removed, with or without cause, at any time, by resolution adopted by the Board of Directors or by other principal officers upon whom such power of removal may have been conferred by the Board of Directors.

Section 4.05. <u>Resignations</u>.  Any officer may resign at any time by giving written notice to the Board of Directors (or to a principal officer if the Board of Directors has delegated to such principal officer the power to appoint and to remove such officer). The resignation of any officer shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 4.06. <u>Powers and Duties</u>.  The officers of the Corporation shall have such powers and perform such duties incident to each of their respective offices and such other duties as may from time to time be conferred upon or assigned to them by the Board of Directors.

Section 4.07. <u>Compensation</u>.  Compensation of all executive officers shall be approved by the Board of Directors, and no officer shall be prevented from receiving such compensation by virtue of his or her also being a director of the Corporation; <u>provided</u>, that compensation of some or all executive officers may be determined by a committee established for that purpose if so authorized by the Board of Directors or as required by applicable law or any applicable rule or regulation, including any rule or regulation of any stock exchange upon which the Corporation's securities are then listed for trading.

## ARTICLE V

## CAPITAL STOCK

Section 5.01. <u>Certificates For Stock; Uncertificated Shares</u>.  Except as otherwise provided by the Board of Directors, all shares of the Corporation issued after May 31, 2017 shall be uncertificated; <u>provided</u>, that shares of the Corporation issued prior to such date shall be certificated shares until the respective certificate is surrendered to the Corporation. Except as otherwise provided by law, the rights and obligations of the holders of uncertificated shares and the rights and obligations of the holders of shares represented by certificates of the same class and series shall be identical. Notwithstanding the first sentence of this <u>Section 5.01</u>, every holder

CONFIDENTIAL

Trustee_Akerman_003210

of stock represented by certificates and, upon request, every holder of uncertificated shares, shall be entitled to have a certificate for shares of stock signed by, or in the name of the Corporation by the Chairman of the Board of Directors or Vice Chairman of the Board of Directors, or the Chief Executive Officer, President or Vice President, and by the Chief Financial Officer, Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary of such Corporation representing the number of shares registered in certificate form. Any or all of the signatures on the certificate may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue. The Corporation shall not have power to issue a certificate in bearer form.

Section 5.02. Transfer of Shares. Subject to compliance with the Shareholders Agreement, shares of the stock of the Corporation may be transferred on the record of shareholders of the Corporation by the holder thereof or by such holder's duly authorized attorney upon surrender of a certificate therefor properly endorsed or upon receipt of proper transfer instructions from the registered holder of uncertificated shares or by such holder's duly authorized attorney and upon compliance with appropriate procedures for transferring shares in uncertificated form, unless waived by the Corporation.

Section 5.03. Authority for Additional Rules Regarding Transfer. The Board of Directors shall have the power and authority to make all such rules and regulations as they may deem expedient concerning the issue, transfer and registration of certificated or uncertificated shares of the stock of the Corporation, as well as for the issuance of new certificates in lieu of those which may be lost or destroyed, and may require of any shareholder requesting replacement of lost or destroyed certificates, bond in such amount and in such form as they may deem expedient to indemnify the Corporation, and/or the transfer agents, and/or the registrars of its stock against any claims arising in connection therewith.

Section 5.04. Lost, Stolen or Destroyed Stock Certificates. The Corporation may issue a new stock certificate in the place of any certificate previously issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to agree to indemnify the Corporation and/or to give the Corporation a bond sufficient to indemnify it, against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

Section 5.05. Consideration for Shares. Subject to applicable law and the Certificate of Formation, shares of stock may be issued for such consideration, having in the case of shares with par value a value not less than the par value thereof, and to such persons, as determined from time to time by the Board of Directors. The consideration may consist of any tangible or intangible property or benefit to the Corporation including, but not limited to, cash, promissory notes, services performed, contracts for services to be performed or other securities. Shares may not be issued until the full amount of the consideration has been paid, unless upon the face or back of each certificate issued to represent any partly paid shares of capital stock or upon the books and records of the Corporation in the case of partly paid uncertificated shares, there will

CONFIDENTIAL                                                                                                    Trustee_Akerman_003211

have been set forth the total amount of the consideration to be paid therefor and the amount paid thereon up to and including the time said certificate representing certificated shares or said uncertificated shares are issued.

## ARTICLE VI

### INDEMNIFICATION OF OFFICERS, DIRECTORS AND OTHERS

Section 6.01. <u>Indemnification</u>. Each person who is or was a director or officer of the Corporation, or while a director or officer of the Corporation is or was serving at the request of the Corporation as a director, officer, partner, venturer, proprietor, trustee, employee, agent or similar functionary of another corporation, partnership, limited liability company, joint venture, trust or other enterprise, including service with respect to an employee benefit plan, shall be indemnified by the Corporation to the fullest extent that a corporation is required or permitted to grant indemnification to such person under the TBOC as it exists on the date hereof and as it may be amended (but, in the case of any amendment to the TBOC, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than the TBOC permitted the Corporation to provide prior to such amendment). Reasonable expenses incurred by a director or officer of the Corporation who was, is or is threatened to be made a named defendant or respondent in a proceeding shall be paid or reimbursed by the Corporation, in advance of the final disposition of the proceeding and without any determination as to such person's entitlement to indemnification, to the maximum extent permitted under the TBOC as it exists on the date hereof and as it may be amended (but, in the case of any amendment to the TBOC, only to the extent that such amendment permits the Corporation to provide broader advancement rights than the TBOC permitted the Corporation to provide prior to such amendment). Such advancement rights pertain to expenses incurred in connection with all proceedings for which indemnification is provided.

Section 6.02. <u>Nonexclusive</u>. The indemnification and advancement of expenses provided by, or granted pursuant to, this Article VI shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under the Certificate of Formation, these Bylaws, or under any agreement, vote of shareholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding office, and shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director or officer of the Corporation and shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 6.03. <u>Insurance</u>. The Corporation may purchase and maintain insurance on its own behalf and on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as director, officer, employee or agent of another corporation, partnership, limited liability company, joint venture, trust or other enterprise, including service with respect to an employee benefit plan, against any expense, liability or loss asserted against such person and incurred by such person in any such capacity or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under the provisions of the TBOC, the Certificate of Formation or this Article VI.

16138436_14                                    17

CONFIDENTIAL                                                                                    Trustee_Akerman_003212

Section 6.04. <u>Other Indemnification</u>.  The Corporation may, by action of the Board of Directors, provide indemnification to employees and agents of the Corporation with the same or lesser scope and effect as the foregoing indemnification of directors and officers.

Section 6.05. <u>Repeal or Modification of Indemnification</u>.  All rights to indemnification and to the advancement of expenses under this Article VI shall be deemed to be a contract between the Corporation and each director, officer, employee, fiduciary or agent who serves or served in such capacity at any time while this Article VI is in effect. Any repeal or modification of this Article VI, these Bylaws, the Certificate of Formation or, to the fullest extent permitted by the TBOC, any applicable law shall not in any way diminish any rights or protections of any person granted pursuant hereto existing at, or arising out of or related to any event, act, omission, transaction or fact that occurred prior to the time of such repeal or modification (regardless of when any proceeding (or part thereof) relating to such event, act, omission, transaction or fact arises or is first threatened, commenced, or completed).

## ARTICLE VII

## GENERAL PROVISIONS

Section 7.01. <u>Fixing the Record Date</u>.

(a) In order that the Corporation may determine the shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing such record date is adopted by the Board of Directors, and which record date shall not be more than sixty (60) nor less than ten (10) days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining shareholders entitled to notice of or to vote at a meeting of shareholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held. A determination of shareholders of record entitled to notice of or to vote at a meeting of shareholders shall apply to any adjournment of the meeting; <u>provided</u>, that the Board of Directors may in its discretion or as required by law fix a new record date for the adjourned meeting.

(b) In order that the Corporation may determine the shareholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the shareholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than sixty (60) days prior to such action. If no record date is fixed, the record date for determining shareholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

(c) In order that the Corporation may determine the shareholders entitled to consent to corporate action in writing without a meeting, to the extent such action is permitted by the Certificate of Formation, the Board of Directors may fix a record date, which record date shall not precede the date on which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than ten (10) days after the date upon which

CONFIDENTIAL                                                                                                    Trustee_Akerman_003213

the resolution fixing the record date is adopted by the Board of Directors. Any shareholder of record seeking to have the shareholders authorize or take corporate action by written consent shall, by written notice to the Secretary, request the Board of Directors to fix a record date. The Board of Directors shall promptly, but in all events within ten (10) days after the date on which such a request is received, adopt a resolution fixing the record date. If no record date has been fixed by the Board of Directors within ten (10) days of the date upon which such a request is received, the record date for determining shareholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is required by applicable law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation by delivery to its registered office in the State of Texas, its principal place of business, or any officer or agent of the Corporation having custody of the book in which proceedings of shareholders' meeting are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested. If no record date has been fixed by the Board of Directors and prior action by the Board of Directors is required by applicable law, the record date for determining shareholders entitled to consent to corporate action in writing without a meeting shall be at the close of business on the date on which the Board of Directors adopts the resolution taking such prior action.

Section 7.02. <u>Dividends</u>. Subject to limitations contained in the TBOC and the Certificate of Formation, the Board of Directors may declare and pay dividends upon the shares of capital stock of the Corporation, which dividends may be paid either in cash, in property or in shares of the capital stock of the Corporation.

Section 7.03. <u>Year</u>. Except as otherwise determined by the Board of Directors, the fiscal year of the Corporation shall commence on January 1 and end on December 31 of each year.

Section 7.04. <u>Facsimile Signatures</u>. In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Board of Directors or a committee thereof.

Section 7.05. <u>Reliance upon Books, Reports and Records</u>. Each director, each member of any committee designated by the Board of Directors, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director, committee member or officer reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 7.06. <u>Corporate Seal</u>. The Board of Directors may provide a suitable seal, containing the name of the Corporation, which seal shall be in the charge of the Secretary. If and when so directed by the Board of Directors or a committee thereof, duplicates of the seal may be kept and used by the Treasurer or by an Assistant Secretary or Assistant Treasurer.

Section 7.07. <u>Voting of Stock Owned by the Corporation</u>. The Board of Directors may authorize any person, on behalf of the Corporation, to attend, vote at and grant proxies to be used

CONFIDENTIAL    Trustee_Akerman_003214

at any meeting of shareholders of any corporation (except this Corporation) in which the Corporation may hold stock.

Section 7.08. <u>Amendments</u>. Subject to the terms of the Shareholders Agreement, these Bylaws or any of them, may be altered, amended or repealed, or new Bylaws may be made, by the shareholders entitled to vote thereon at any annual or special meeting thereof or by the Board of Directors. Unless a higher percentage is required by the Certificate of Formation as to any matter that is the subject of these Bylaws, all such amendments must be approved by the affirmative vote of the holders of not less than a majority of the total voting power of all outstanding securities of the Corporation then entitled to vote generally in the election of directors, voting together as a single class, or by a majority of the Whole Board.

Section 7.09. <u>Headings</u>. Section or paragraph headings are inserted herein only for convenience of reference and shall not be considered in the construction of any provision hereof.

**********

16138436_14                                    20

CONFIDENTIAL                                                                                          Trustee_Akerman_003215