

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 15, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | ADVERSARY PROCEEDING |
| | § | NO: 24-03039-mvl |
| v. | § | |
| | § | |
| JAMES FRINZI, JAMES GOODMAN, | § | |
| JASON GOODMAN, and JOSEPH | § | |
| GOODMAN, | § | |
| | § | |
| Defendants. | § | |

## AGREED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16 and the Court's Order Regarding Adversary

Proceedings Trial Setting and Alternative Scheduling Order (Doc. 3), Plaintiff Scott M. Seidel

("Trustee"), as the trustee of Goodman Networks, Inc. ("Debtor" or "Goodman Networks"), the debtor in the above-styled Chapter 7 bankruptcy case, and Defendants Jason Goodman and Joseph Goodman (collectively, "Defendants") file this Agreed Scheduling Order and ask that it be entered in this adversary proceeding.

**IT IS ORDERED THAT:**

1.      Docket call for this adversary proceeding shall be held on the Court's **June 2025** trial docket call day, **tentatively estimated at June 3, 2025 at 1:15 p.m.**, but the parties are directed to obtain the precise setting once the Court issues its 2025 calendar.

2.      Trial of this adversary proceeding shall be held during the Court's trial week for June 2025, **tentatively estimated for June 9, 2025**, but the parties are directed to obtain the precise setting once the Court issues its 2025 calendar.

3.      The parties shall serve the initial disclosures required by Federal Rule of Bankruptcy Procedure 7026 on or before **August 23, 2024**.

4.      The parties shall identify experts witnesses for trial and produce expert reports on or before **February 13, 2025**.

5.      The parties shall identify rebuttal expert witnesses and produce rebuttal reports on or before **March 13, 2025**.

6.      The parties shall complete fact discovery on or before **January 30, 2025**.  Expert discovery shall be completed by **May 7, 2025**. Discovery must be served promptly enough to permit timely response by the other party. Parties may, by agreement, continue discovery beyond this deadline without further order of this Court.

7.      All dispositive motions shall be filed on or before **March 13, 2025**.  Responses shall be filed not later than twenty-one (21) days of the service of the motion.  Any replies shall be filed not later than seven (7) days of the service of the response.

8.      The parties shall attend mediation on or before **January 30, 2025** and participate in such mediation in good faith toward resolution.

9.      Except for impeachment evidence, all exhibits, along with a list of witnesses to be called, shall be exchanged with all other parties no later than **May 22, 2025**. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits shall be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

10.     On or before **May 22, 2025**, a Joint Pretrial Order in compliance with L.B.R. 7016-1 shall be filed, served, and uploaded for Court entry. All parties are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney.

11.     On or before **May 22, 2025**, the parties shall file proposed findings of fact and conclusions of law.

12.     On or before **May 22, 2025**, the parties shall file trial briefs addressing contested issues of law.

13.     This order, and each party's agreement to this order, is wholly without prejudice to all issues concerning the Court's core or non-core jurisdiction, the lack of any consent to this Court's entry of final judgment, or to any motion for withdrawal of the reference, and all rights,

issues, objections, defenses, and arguments concerning any of the foregoing are preserved and may be asserted by any party as is otherwise appropriate notwithstanding the entry of this order; provided, however, that any motion for withdrawal of the reference should be filed no later than **October 21, 2024**.  If a motion to withdrawal of the reference filed thereafter, or if not granted prior to trial, the Court shall proceed to trial without prejudice to any reference withdrawal issue, and, if the Court or the District Court determines that this Court's jurisdiction is not core, then this Court shall make a report and recommendation to the District Court as is otherwise appropriate if the District Court has not by then entered an order providing otherwise (or unless a party obtains a stay from any court pending the same).

# # # END OF ORDER # # #

**AGREED:**

| MUNSCH HARDT KOPF & HARR, P.C. | WHITAKER CHALK SWINDLE & SCHWARTZ PLLC |
|---|---|
| By: */s/ Jamil N. Alibhai*<br>Davor Rukavina<br>State Bar No. 24030781<br>Jamil N. Alibhai<br>State Bar No. 00793248<br>Thomas D. Berghman<br>State Bar No. 24082683<br>Anne-Alise "Ali" Hinckley<br>State Bar No. 24090786<br>J. Blake Glatstein<br>State Bar No. 24123295<br>Maddison Craig<br>State Bar No. 24137348<br>500 North Akard Street, Suite 4000<br>Dallas, Texas 75201<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br>Email: drukavina@munsch.com<br>jalibhai@munsch.com<br>tberghman@munsch.com<br>ahinckley@munsch.com<br>bglatstein@munsch.com<br>mcraig@munsch.com<br><br>**ATTORNEYS FOR TRUSTEE** | By: Robert A. Simon<br>Robert A. Simon<br>State Bar No. 18390000<br>301 Commerce Street, Suite 3500<br>Fort Worth, Texas 76102<br>Telephone: (817) 878-0543<br>Facsimile: (817) 878-0501<br>Email: rsimon@whitakerchalk.com<br><br>**ATTORNEY FOR DEFENDANTS JOSEPH AND JASON GOODMAN** |
| WICK PHILLIPS GOULD & MARTIN, LLP | PULMAN, CAPPUCCIO & PULLEN, LLP |
| By: */s/ Paul T. Elkins*<br>Jason M. Rudd<br>State Bar No. 24028786<br>Paul T. Elkins<br>State Bar No. 24092383<br>3131 McKinney Avenue, Suite 500<br>Dallas, Texas 75204<br>Telephone: (214) 692-6200<br>Facsimile: (214) 692-6255<br>Email: jason.rudd@wickphillips.com<br>paul.elkins@wickphillips.com<br><br>**ATTORNEYS FOR DEFENDANT JAMES FRINZI** | By: */s/ Randall A. Pulman*<br>Randall A. Pulman<br>State Bar No. 16393250<br>Anna K. MacFarlane<br>State Bar No. 24116701<br>2161 NW Military Highway, Suite 400<br>San Antonio, Texas 78213<br>Telephone: (210) 222-9494<br>Facsimile: (210) 892-1610<br>Email: rpulman@pulmanlaw.com<br>amacfarlane@pulmanlaw.com<br><br>**ATTORNEYS FOR JAMES GOODMAN** |