

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

*Michelle V. Larson*

**Signed September 18, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | ADVERSARY PROCEEDING |
| | § | NO: 24-03039-mvl |
| v. | § | |
| | § | |
| JAMES FRINZI, JAMES GOODMAN, | § | |
| JASON GOODMAN, and JOSEPH | § | |
| GOODMAN, | § | |
| | § | |
| Defendants. | § | |

**AGREED PROTECTIVE ORDER AND AGREED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JAMES GOODMAN'S MOTION TO QUASH THIRD PARTY SUBPOENAS**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(d), Plaintiff Scott M. Seidel ("Trustee"), as the trustee of Goodman Networks, Inc. ("Debtor" or "Goodman Networks"), the debtor in the above-styled Chapter 7 bankruptcy case, and Defendant James Goodman file this Agreed Protective Order and Agreed Order Granting in Part and Denying in Part Defendant's Motion to Quash Third Party Subpoenas (Doc. 33) and ask that it be entered in this adversary proceeding.

**IT IS ORDERED THAT:**

The Non-Party Subpoenas to Signal Messenger, LLC and Signal Technology Foundation dated August 13, 2024 are limited to the following requests:

1. All communications between and among James Frinzi, James Goodman, John Goodman, Jason Goodman, and Shalom Auerbach, by or through Signal Messenger, relating to AMR, MBG, Sierra, World Conquest, Goodman Networks, Goodman Solutions, GIH, Genesis, ATC, GNET, Arris, AT&T, FedEx, MFS, MGR, Multiband USA, OFS, OnePath, MSouth, OEM, OIS, OnePath HoldCo, 1MS, Repository, or UFS.

2. All communications between and among James Frinzi, James Goodman, John Goodman, Jason Goodman, and Shalom Auerbach, by or through Signal Messenger, relating to the sale or purchase of AMR, MBG, Sierra, World Conquest, Goodman Networks, Goodman Solutions, GIH, Genesis, ATC, GNET, Arris, AT&T, FedEx, MFS, MGR, Multiband USA, OFS, OnePath, MSouth, OEM, OIS, OnePath HoldCo, 1MS, Repository or UFS stock, shares, bonds, or notes.

3. All communications between and among James Frinzi, James Goodman, John Goodman, Jason Goodman, and Shalom Auerbach, by or through Signal Messenger, relating to the sale or transfer of any assets of Goodman Networks.

4. All communications between and among James Frinzi, James Goodman, John Goodman, Jason Goodman, and Shalom Auerbach, by or through Signal Messenger, relating to the board of directors of Goodman Networks.

5. All communications between and among James Frinzi, James Goodman, John Goodman, Jason Goodman, and Shalom Auerbach, by or through Signal Messenger, relating to lawsuit filed by AT&T against Goodman Networks and the lawsuit filed by Arris against Goodman Networks, GNET, James Goodman, and Brad Kozma.

    6.    All communications between and among James Frinzi, James Goodman, John Goodman, Jason Goodman, and Shalom Auerbach, by or through Signal Messenger, relating to Goodman Networks' petition for bankruptcy and its creditors.

Communications responsive to these requests shall be produced to counsel for James Goodman at Pulman, Cappuccio, and Pullen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213, who will have fifteen (15) days to conduct a privilege review of the communications. On or before the fifteenth (15th) day of their receipt of responsive communications, counsel for James Goodman shall produce all non-privileged communications to counsel for the Trustee, along with a privilege log of all withheld materials pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

# # # END OF ORDER # # #

**AGREED:**

| | |
|---|---|
| **MUNSCH HARDT KOPF & HARR, P.C.**<br><br>By: *Anne-Alise "Ali" Hinckley*_____<br>Davor Rukavina<br>State Bar No. 24030781<br>Jamil N. Alibhai<br>State Bar No. 00793248<br>Thomas D. Berghman<br>State Bar No. 24082683<br>Anne-Alise "Ali" Hinckley<br>State Bar No. 24090786<br>J. Blake Glatstein<br>State Bar No. 24123295<br>Maddison Craig<br>State Bar No. 24137348<br>500 North Akard Street, Suite 4000<br>Dallas, Texas 75201<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br>Email: drukavina@munsch.com<br>jalibhai@munsch.com<br>tberghman@munsch.com<br>ahinckley@munsch.com<br>bglatstein@munsch.com<br>mcraig@munsch.com<br><br>**ATTORNEYS FOR TRUSTEE** | **PULMAN, CAPPUCCIO & PULLEN, LLP**<br><br>By: */s/ Anna K. MacFarlane*_____<br>Randall A. Pulman<br>State Bar No. 16393250<br>Anna K. MacFarlane<br>State Bar No. 24116701<br>2161 NW Military Highway, Suite 400<br>San Antonio, Texas 78213<br>Telephone: (210) 222-9494<br>Facsimile: (210) 892-1610<br>Email: rpulman@pulmanlaw.com<br>amacfarlane@pulmanlaw.com<br><br>**ATTORNEYS FOR JAMES GOODMAN** |