Randall A. Pulman
State Bar No. 16393250
**PULMAN LEFLORE PULLEN & REED, LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com

**COUNSEL FOR JAMES E. GOODMAN**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 22-31641-MVL-7 |
| § | | |
| GOODMAN NETWORKS, INC., § | | |
| § | | |
| DEBTOR. § | | CHAPTER 7 |
| SCOTT M. SEIDEL, TRUSTEE, § | | |
| PLAINTIFF § | | |
| § | | |
| V. § | | ADVERSARY NO. 24-03039-MVL |
| § | | |
| JAMES FRINZI, JAMES GOODMAN, JASON § | | |
| GOODMAN, AND JOSEPH GOODMAN § | | |
| § | | |
| DEFENDANTS § | | |

**JAMES E. GOODMAN'S MOTION TO STAY PENDING DEADLINES AND DISCOVERY
PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION**

TO THE HONORABLE JUDGE MICHELLE V. LARSON:

NOW COMES Defendant James E. Goodman ("J.E. Goodman") and files this *Motion to Stay Pending Deadlines and Discovery Pending Resolution of Motion to Compel Arbitration* ("Motion"), respectfully showing the Court as follows:

**SUMMARY**

The pending deadlines and discovery in this case should be stayed pending the Court's resolution of the Motion to Compel Arbitration filed by J.E. Goodman and joined by defendants Jason Goodman and Joseph Goodman. The Motion to Compel Arbitration was filed in August 2024 and was heard on October 2, 2024. Since that time, the Motion to Compel Arbitration has been under the Court's advisement. Nonetheless, the Trustee has sent numerous discovery requests to J.E. Goodman, including requests for production, admissions, and interrogatories. Without resolution regarding the forum of this dispute and what rules will apply, the scheduling order deadlines should be stayed. A proposed order granting the relief requested herein is attached as Exhibit 1.

**PROCEDURAL BACKGROUND**

On June 7, 2024, the Trustee filed his Original Complaint against James Frinzi, J.E. Goodman, Jason Goodman, and Joseph Goodman. Adv. Doc. No. 1.[1]

On August 7, 2024, J.E. Goodman timely filed his Motion to Compel Arbitration.[2] Adv. Doc. No. 18. J.E. Goodman's Motion to Compel Arbitration is set to be heard on October 2, 2024. Adv. Doc. No. 22.

---

[1] The Trustee has already filed adversary proceedings against J.E. Goodman and his related entities to recover damages connected with the sale of A-1 preferred shares (23-03072), bonds (23-03090), loans from Prosperity Bank (24-03022), and intercompany contracts involving Amazon (24-03054). There is substantial if not complete factual overlap between those adversary proceedings and this one.

[2] By agreement, J.E. Goodman's deadline to file a responsive pleading to the Trustee's Original Complaint was August 7, 2024.

On August 13, 2024,[3] a scheduling conference was held, and the Court entered an agreed scheduling order. Adv. Doc. No. 27.

On August 22, 2024, the Trustee served written discovery requests on all defendants (the "Requests for Production"). A copy of the written discovery is attached as Exhibit 2.

On September 23, 2024, J.E. Goodman served his written responses to the Trustee's Requests for Production.

On October 2, 2024, the Court heard argument on J.E. Goodman's Motion to Compel Arbitration and took the matter under advisement.

On October 21, 2024, James, Jason, and Joseph "Jody" Goodman filed a Joint Motion to Withdraw the Reference. Adv. Doc. No. 46.

On October 21, 2024, James Frinzi filed a Motion to Withdraw the Reference. Adv. Doc. No. 47.

On December 9, 2024, the Court signed an Order consolidating the Trustee's claim objection (Doc. No. 601) with this adversary proceeding. Doc. No. 640.

On December 23, 2024, the Trustee served Requests for Admissions and Interrogatories on James Goodman. True and correct copies of the Requests for Admissions and Interrogatories are attached as Exhibits 3 and 4.

On January 6, 2025, the Trustee filed his Motion to Compel Defendant James Goodman's Discovery Responses and Brief in Support. Adv. Doc. No. 62. The Trustee has requested an expedited hearing of the same. Adv. Doc. No. 65.

---

[3] Despite inquiring as to counsel's availability for the original scheduling conference, J.E. Goodman was not given notice of the original setting of the scheduling conference by Plaintiff's counsel. Adv. Doc. No. 17.

On January 8, 2025, the Court heard the Motions to Withdraw the Reference. Adv. Doc. Nos. 55, 60.

On January 15, 2025, the Trustee filed a Stipulation and Agreed Order Dismissing James Frinzi with Prejudice based on the Trustee's court-approved settlement with Frinzi.[4] Adv. Doc. No. 66.

The current deadline for fact discovery in the Court's scheduling order is January 30, 2025. Adv. Doc. No. 27.

## ARGUMENTS AND AUTHORITIES

### A. Legal Standard.

Federal Rule of Civil Procedure 26 provides that a court can, for good cause, stay discovery to avoid "oppression or undue burden or expense." Fed. R. Civ. P. 26(c) (made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7026). A court has "'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987)). When deciding whether to stay discovery, a court may consider the following nonexclusive factors: (1) whether the discovery requests are broad; (2) how burdensome it would be to respond to the discovery; and (3) the strength of the motion relied upon in requesting the stay. *See Von Drake v. National Broadcasting Co., Inc.*, No. 3-04-CV-0652R, 2002 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery pending resolution of motion to dismiss).

---

[4] On November 12, 2024, the Trustee filed a Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with James Frinzi. Main Bankr. Case, Doc. No. 618. On December 4, 2024, the Cour entered an order approving the compromise. Doc. No. 633. On January 2, 2025, the Trustee filed a Notice of Receipt of James Frinzi Settlement Funds. Doc. No. 667.

4

The Fifth Circuit recently held that a district court abused its discretion in refusing to stay a proceeding while deciding whether to grant a motion to compel arbitration. *Cameron Parish Recreation #6 v. Indian Harbor Ins. Co.*, 92 F.4th 1152, 1154-55 (5th Cir. 2024) (rejecting the district court's decision to allow limited discovery into arbitrability and remanding the case "to immediately grant a stay of the case pending its decision on arbitration"). The Fifth Circuit has also recognized that "[i]t was 'Congress's clear intent, in the [Federal Arbitration Act], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500-01 (5th Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 22 (1983)). As such, when a party has filed a motion to compel arbitration, "'[c]ourts have demonstrated a proclivity to stay proceedings.'" *Ramirez v. Equifax Information Services, LLC*, Civil Action No. 4:24-cv-94-SJD-KPJ, 2024 WL 3259669, at *2-3 (E.D. Tex. Jul. 1, 2024) (quoting *Williams v. Bankers Life & Cas. Co.*, No. 21-293, 2022 WL 187809, at *1 (M.D. La. Jan. 20, 2022), and citing *Patel v. Regions Bank*, No. 18-796, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018), and *Norman v. Travelers Ins. Co.*, No. 19-2351, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019)); *see also Rosales v. Coca-Cola Southwest Beverages LLC*, EP-18-361-PRM, 2019 WL 13255746, at *1 (W.D. Tex. Apr. 3, 2019) (staying discovery pending resolution of motion to compel arbitration when discovery requests were served while motion to compel arbitration was pending).

**B. The Scheduling Order Deadlines Should be Stayed Pending Resolution of J.E. Goodman's Motion to Compel Arbitration.**

The deadlines in the Court's scheduling order should be stayed until after the Court has entered an order regarding J.E. Goodman's Motion to Compel Arbitration. The current fact discovery deadline is January 30, 2025, and the deadline for J.E. Goodman to serve responses to the Trustee's interrogatories and requests for admissions is January 22, 2025. *See* Adv. Doc. No.

5

27; *see also* Exhibits 2 & 3 [Trustee's Discovery Requests]. The current deadline for filing dispositive motions is March 13, 2025. *Id.*

All three factors set out in *Von Drake* weigh in favor of staying the scheduling order deadlines. The Trustee's discovery requests consist of 34 document requests pertaining to numerous contracts and transactions involving the Debtor over a time period of several years. Exhibit 1. It would be burdensome for J.E. Goodman to respond to the document requests, particularly when some of the discovery may be unnecessary if the Motion to Compel Arbitration is granted. If this case is referred to binding arbitration before the American Arbitration Association ("AAA"), the proceeding would be governed by the AAA Commercial Rules. Discovery may be more limited in AAA proceedings than under the Federal Rules of Civil Procedure. *See* Rule 23, AAA Commercial Rules. A copy of an excerpt of the AAA Commercial Rules is attached as Exhibit 5.

J.E. Goodman's Motion to Compel Arbitration has merit. It is based on the arbitration provision contained in one of the governing documents that were adopted by the Debtor in 2017, which are foundational to the Trustee's adversary proceeding. *See* Adv. Doc. No. 19. In cases covered by a valid arbitration agreement, as is the case here, a court must refer the case to binding arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Furthermore, when an arbitration provision specifically incorporates the AAA Rules, like here, the question of arbitrability must be determined by the arbitrator, not the court. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 678 F.3d 671, 675-76 (5th Cir. 2014) (holding that incorporating the AAA Rules into an arbitration provision "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability"); *see also TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico,*

*LLC*, 667 S.W.3d 694, 712 (Tex. 2023) (same). The Court heard the Motion to Compel Arbitration on October 2, 2024, and has kept the issue under advisement until the present.

If the Court grants this Motion, the harm to the Trustee will be minimal. This adversary proceeding is the fifth lawsuit brought by the Trustee against J.E. Goodman and his affiliated entities. Since discovery is ongoing in the related adversaries on essentially the same set of transactions, there is actually no harm to the Trustee in staying discovery in this proceeding. There is significant factual overlap between some of the prior adversary proceedings and this one. J.E. Goodman has already answered discovery in three of those adversary proceedings, particularly concerning the sale of the Debtor's bonds (Adv. Proc. No. 23-03090), A-1 preferred shares (Adv. Proc. No. 23-03072), the payments by the Debtor to Prosperity Bank (Adv. Proc. No. 24-03022), and the Debtor's intercompany contract with Unified Field Services, Inc. (Adv. Proc. No. 24-03054). While the discovery requests in this proceeding cover much broader information than the Trustee has requested in the other adversary proceedings,[5] he is still in possession of numerous responsive documents from the ongoing discovery in the other adversary proceedings. As such, staying the pending deadlines until the Court has resolved the arbitration motion is appropriate.

## CONCLUSION AND PRAYER

Based on the foregoing, the pending deadlines and discovery should be stayed until after the Court has entered an order on J.E. Goodman's Motion to Compel Arbitration. The requested stay would not prejudice the Trustee because the proposed stay is short and any shift of the scheduling order deadlines will not be lengthy. The discovery propounded by the Trustee is incredibly broad because it seeks documents and communications for almost every transaction

---

[5] The Trustee's document requests in this adversary proceeding are significantly broader than in the other adversary proceedings, presumably because the document requests were directed to all defendants and not just J.E. Goodman.

7

involving the Debtor over several years, as well as admissions and interrogatory responses. Additionally, the Trustee has already received discovery responses and documents from J.E. Goodman on a number of the transactions referenced in the adversary proceeding. Conversely, if the Motion to Compel Arbitration is granted, the parties would proceed under the more limited AAA discovery rules, making much of the discovery currently sought by the Trustee improper. The Court should grant the requested discovery stay.

WHEREFORE, PREMISES CONSIDERED, J.E. Goodman requests the Court to enter an order staying the pending deadlines and discovery until after the Court has entered an order on J.E. Goodman's Motion to Compel Arbitration and grant him such other and further relief as he may show himself justly entitled.

Dated: January 17, 2025

Respectfully submitted,

**PULMAN LEFLORE PULLEN & REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:   */s/ Randall A. Pulman*
       Randall A. Pulman
       Texas State Bar No. 16393250
       rpulman@pulmanlaw.com

**ATTORNEYS FOR JAMES E. GOODMAN**

4876-4582-4226, v. 3

### CERTIFICATE OF CONFERENCE

I certify that on January 17, 2025, counsel for J.E. Goodman conferred with Trustee's counsel via e-mail regarding the relief requested herein. The Trustee is opposed to the relief requested herein.

             */s/ Randall A. Pulman*
             Randall A. Pulman

### CERTIFICATE OF SERVICE

I certify that on this 17th day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

             */s/ Randall A. Pulman*
             Randall A. Pulman

4876-4582-4226, v. 3